## In re MACKELLAR.

(District Court, M. D. Pennsylvania. June 25, 1902.)

### No. 82.

1. BANKRUPTCY—CREDITORS' MEETINGS—CHOOSING TRUSTEE.

Under Bankr. Act 1898, § 56a, which provides that "creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present," claims of creditors who are not present are not to be considered in choosing a trustee, although the claims have been allowed.

2. SAME—POWER OF REFEREE TO APPOINT TRUSTEE.

Bankr. Act 1898, § 44, confers no power upon the court to appoint a trustee, except in cases where the creditors fail to appoint. A referee has no authority to appoint merely because he disapproves the appointment made by creditors, but in such case another meeting of creditors must be called to make the appointment.

In Bankruptcy. On exceptions to report of referee.

W. H. Goodwin, for excepting creditors.
D. A. Fell, for respondent.

ARCHBALD, District Judge. On the ground that it required the vote of a majority in number and amount of the creditors present, which vote should also be a like majority of all whose claims had been allowed, the referee held that there had been no election for trustee at the creditors' meeting called for that purpose. This interpretation of the law is clearly wrong. The bankrupt act provides (section 56a) that "creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present." It is difficult to see how so plain a provision can be misunderstood. To have his vote effective a creditor must be present, and his claim must have been allowed, and a majority in number and amount of those who are so qualified is to control. There is nothing whatever to sustain the position that those who are not present are to be taken into consideration. This question has been recently passed upon by the court of appeals of the Second circuit in Re Henschel, 7 Am. Bankr. R. 662, 113 Fed. 443, where it is declared by Wallace, J., that it is the purpose of the act to vest the power of action in the creditors who are present, and not allow the proceedings to be de-

layed by the absence of those who do not take sufficient interest to participate.

But the referee has further certified that, even if mistaken in this construction of the law, he would not approve of the selection made at the meeting, on the ground that Mr. Orr, the person selected, is a partner in the real estate and loan business of Mr. Reynolds, one of the attorneys who represented the claims by which he was chosen, and so was not such a disinterested person as experience has convinced him should be appointed. Without stopping to determine whether a business association such as thus existed justified the referee in withholding his approval, it is very clear that the course which he took on the strength of it cannot be sustained. Assuming that there had been no choice by the creditors, he proceeded to appoint a trustee of his own selection. For this I find no warrant in the law. The right of a referee to disapprove or veto the choice made by the creditors is quite different from the right to himself name. The act expressly vests in the creditors the right to say who shall represent them in administering the bankrupt's estate (section 44), and it is only when they make no choice that the court or referee is authorized to do so for them (Id.); that is to say, where there has been' no action on the part of creditors, the duty devolves upon the court of supplying it. It is not authorized to intervene, however, simply because the choice is one which cannot be approved. An unworthy choice is not the same as no choice at all, the creditors, by actually acting, having indicated their intention to avail themselves of the privilege given them by the law, which is not exhausted by a single exercise of it. The section which we are considering gives them the right to meet and appoint a trustee whenever and so often as there is a vacancy; and this occurs, as is pointed out in Re Lewensohn, 3 Am. Bankr. R. 299, 98 Fed. 576, when they have chosen some one whom the referee declines to approve. It therefore became the duty of the referee, not to name a trustee, as he did, but to call another meeting of the creditors, and let them do so.

The action of the referee in appointing the trustee is set aside, and a special meeting of creditors for the purpose of selecting a trustee is ordered.