## In re HARE.

### (District Court, N. D. New York. December 26, 1902.)

### No. 1,018.

1. BANKRUPTCY—TRUSTEE—APPOINTMENT—DISAPPROVAL OF REFEREE.

Bankr. Act, c. 5, § 44 [U. S. Comp. St. 1901, p. 3438], provides that the creditors of a bankrupt estate shall at their first meeting after the adjudication, or after a vacancy has occurred in the office of trustee, appoint a trustee, and if they do not the court shall do so. General Order 13 (32 C. C. A. xvii, 89 Fed. vii) makes the appointment by the creditors subject to the approval of the referee or judge, but enacts that he shall be removable by the judge only. By Bankr. Act, § 1, subd. 16 [U. S. Comp. St. 1901, p. 3419], the term "judge" does not include "referee." *Held*, that a referee could not ignore the appointment of a trustee by creditors, and appoint another, but, if he disapproved, it was his duty to make an order in writing, and on this the parties had a right to be heard before the judge.

2. SAME—POWER OF REFEREE.

It is further provided by Bankr. Act, § 2, subd. 17 [U. S. Comp. St. 1901, p. 3421], that courts of bankruptcy have power, pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, to appoint trustees, and upon complaints of creditors remove trustees for cause on hearing and after notice to them. *Held*, that this conferred no power to disregard the recommendation of creditors, and did not authorize the act of the referee.

3. SAME.

Assuming that there is a vacancy in the office of trustee on account of the disapproval of the referee, the court or referee could appoint another only after failure by the creditors to appoint after a full opportunity.

This is an appeal from an order of a referee in bankruptcy appointing one Eugene M. Perry trustee of the estate of the bankrupt, William A. Hare.

William A. Hare having been adjudged a bankrupt herein, the matter was duly referred to a referee for further proceedings under and pursuant to the provisions of the bankrupt act [U. S. Comp. St. 1901, p. 3418]. The first meeting of creditors was held May 19, 1902. The bankrupt appeared in person and by M. H. Kiley, his attorney. Geo. E. Dennison appeared for 18 creditors of said bankrupt, whose aggregated proved claims amounted to $1,189.50. Other claims of other creditors, amounting in all to $1,285.32, were filed, but these creditors were not represented by attorney, nor did they, or any of them, appear in person or vote for trustee. Said Dennison filed powers of attorney in due form, executed by the creditors represented by him, authorizing him to vote for a trustee. Several creditors residing in and about Georgetown, N. Y., filed requests that one Eugene Perry be appointed trustee. The bankrupt drew one of these requests. At the proper time Mr. Dennison, representing said creditors, and by virtue of said power of attorney, voted for one F. E. Richardson as trustee, and, no vote being cast for any other person, Mr. Richardson was duly elected or chosen trustee herein. The bankrupt and Perry resided at Georgetown, while Richardson resided at Cazenovia, 15 miles from Georgetown, at which place the property of the bankrupt, a small stock of goods usual to a country store, was located. The return of the referee, giving the proceedings subsequent to the appointment by creditors, says: "I held the question as to who should be appointed trustee open until after the recess for dinner, and during such recess the bankrupt reported to me that the said William B. Crouse had proposed to him that, in case he could obtain the appointment of his man for trustee, he would purchase the goods for as low a price as possible, and turn them over to any person the bankrupt might request at the price he paid, provided the demand of C. B. Crouse & Co. be paid in full. Mr. Richardson, as appeared, was a large customer of C.

B. Crouse & Co. The proofs of debt filed by Mr. Dennison were six of them from Utica, seven were from Syracuse, two from Earlville, one from Philadelphia, one from the city of Oneida, and one from Fairport, Monroe county, N. Y. That the twelve proofs of debt filed by said Dennison outside of Utica, or the power of attorney, are partially in the handwriting of said Dennison, and bear on their face conclusive evidence that said power of attorney was solicited by Dennison, and blanks forwarded by him therefor. On assembling after recess, I informed said Dennison that I would not appoint as trustee the person for whom he had voted. That he was a customer of said Crouse & Co. That he lived fifteen miles away from the estate of the bankrupt. That I had become fully satisfied that it was not for the interests of the creditors outside of said Crouse & Co. that such appointment should be made. I further suggested there were many good men in and about the village of Georgetown, and I would appoint any fair man in that community whom he might suggest. Said Dennison insisted that he would have no other man than Mr. Richardson. I therefore appointed as such trustee Mr. Eugene M. Perry, a reputable citizen of Georgetown, who has filed his bond, which I have approved and filed with the clerk." It thus appears that the referee ignored the appointment made by the creditors, and, without holding another election, proceeded to appoint Mr. Perry, favored by the bankrupt and some of the creditors,—how many does not appear. The statement quoted and reported to the referee by the bankrupt to have been made to him by Crouse is flatly contradicted by the affidavit of Mr. Crouse. The referee made no inquiry in court, or outside, so far as appears, into that alleged transaction, but seems to have accepted the ex parte statement of the bankrupt. Nothing against the character, standing, ability, or integrity of Mr. Richardson is shown. The referee states, as quoted, "Mr. Richardson, as appeared, was a large customer of C. B. Crouse & Co."

Geo. E. Dennison, for appellants.

M. H. Kiley, for Perry, trustee.

RAY, District Judge (after stating the facts). It is plain that the order appointing Eugene F. Perry trustee of the property of this bankrupt cannot be sustained and should not be sustained. Chapter 5 of the bankruptcy act [U. S. Comp. St. 1901, p. 3434] is devoted to "Officers, Their Duties and Compensation." Section 44 [U. S. Comp. St. 1901, p. 3438] reads as follows:

"Appointment of Trustees. (a) The creditors of a bankrupt estate shall, at their first meeting after the adjudication or after a vacancy has occurred in the office of trustee, or after an estate has been reopened, or after a composition has been set aside or a discharge revoked, or if there is a vacancy in the office of trustee, appoint one trustee or three trustees of such estate. If the creditors do not appoint a trustee or trustees as herein provided, the court shall do so."

This is plain, unequivocal, and imperative. The creditors at their first meeting (in the case at bar) were to appoint the trustee. This they proceeded to do. The creditors having appointed a trustee, there was nothing for the referee to do in that regard except approve or disapprove such appointment.

General Order 13 (32 C. C. A. xvii, 89 Fed. vii) says:

"The appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge; and he shall be removable by the judge only."

"Judge" does not include the referee. Section 1, subd. 16 [U. S. Comp. St. 1901, p. 3419].

It is plain that, the appointment by the creditors having been actually made, the referee was called upon to approve or disapprove the ap-

pointment. This he could not do by mental action or words alone. It was his duty to make an order in writing disapproving the appointment, if he disapproved, and on this the parties had a right to be heard before the judge, as "he [the trustee] shall be removable by the judge only." This general order confers no power on a referee to announce, as was done in this case, that he will not appoint the trustee already appointed by the creditors. It does authorize him to disapprove such appointment by order, and should this be done at the time the appointment is made by the creditors it is probable that the creditors might proceed at once to appoint some other person, as this would be an acquiescence in such disapproval; but should they not do this the matter should be reported to the judge, who may remove the trustee appointed by the creditors, and order another appointment by the creditors. In no event can the referee ignore the appointment made by the creditors, and proceed summarily to appoint the trustee without holding another election, as was done in this case. He cannot compel the creditors to vote, but he can give them an opportunity. If they do not vote, they have neglected to appoint or recommend.

Chapter 2 of the bankruptcy act [U. S. Comp. St. 1901, p. 3420] creating the courts of bankruptcy, and defining their jurisdiction, being section 2 of said act, provides (subdivision 17) that courts of bankruptcy have power to; "pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and, upon complaints of creditors, remove trustees for cause upon hearings and after notices to them." This confers no power to disregard the recommendation of the creditors. Nor have they failed to recommend when they have, so far as voting at all, unanimously appointed a trustee, and the referee disapproves such action. The referee cannot control the action of the creditors in any such arbitrary manner. The law places, and was intended to place, the appointment of the trustee in the hands of the creditors, subject to the power of the judge to remove the person so appointed in case the referee disapproves, or for cause shown on application by other interested persons. This is a plain and a sensible construction of the act and general order, taken together. There is no failure to appoint when the referee disapproves the appointment. The trustee is appointed, and may be removed by the judge on the disapproval of the referee.

But, even if we assume that there is a vacancy in the office of trustee where the creditors appoint and the referee disapproves (which this court denies, but see In re Lewensohn [D. C.] 98 Fed. 576), the act itself is plain and explicit that the creditors shall make the appointment to fill the vacancy. It is only when the creditors fail or neglect, after full and fair opportunity, to appoint a trustee that the court or referee may step in and make an appointment. The return of the referee states that "said Dennison insisted that he would have no other man than Mr. Richardson." This, if true, was no justification for the appointment made by the referee. Even. if the referee had power to make an appointment at that meeting, on the failure of the creditors to make an appointment that should meet his approval,—a proposition to which this court cannot assent,—this statement of Mr. Dennison

was not in execution of his power, nor did it constitute a failure by the creditors to appoint, and it is probable that had the referee taken another vote on the election of a trustee Mr. Dennison would have cast the votes represented by him for some one, perhaps some other person. In any event, that was the only proper and legal course to pursue, assuming the referee had the power to take any action other than report the appointment and disapproval to the judge.

It is unnecessary to comment on the insufficiency of the objections to Mr. Richardson. If he was not a proper person, because he resided 15 miles from the bankrupt stock and had dealings with one of the creditors, how forcible are the objections to Perry, who evidently was the choice of the bankrupt himself, and was not voted for by any creditor? Nor is it necessary to more than suggest the impropriety of conferences between the bankrupt and referee or creditors and the referee outside of court, and in the absence of other interested parties, as to the personality, fitness, etc., of the trustee appointed. The parties having objections to Mr. Richardson should have come into court, and there presented the objections which the referee states were made to him outside. Had this been done, the bankrupt could have been examined as to the truth of the charge made, and Mr. Crouse and other creditors would have had an opportunity to reply. Again, the seven creditors residing at Syracuse, the six residing at Utica, the two residing at Earlville, the one residing at Philadelphia, the one residing at Oneida, and the one residing at Fairport had equal rights with all others, and quite likely and quite properly they objected to a trustee suggested, it would seem, by the bankrupt, and residing in his town and village. In this case the interests and wishes of the creditors who took interest enough in the proceedings to avail themselves of the law made for the protection of creditors were improperly disregarded.

The order of the referee appointing Eugene M. Perry trustee of the bankrupt, William A. Hare, must be vacated and set aside, and an order to that effect will be entered.