In re MANGAN.

(District Court, M. D. Pennsylvania. November 27, 1903.)

No. 328.

1. BANKRUPTCY—TRUSTEE—APPOINTMENT—REFEREES—REFUSAL TO CONFIRM.

Where a trustee of a bankrupt was selected by the vote of a majority
in number and amount of those present at the creditors' meeting, the
referee had no power to appoint a different trustee merely because he
did not approve of the selection of the creditors.

2. SAME—OBJECTIONS.

Where serious charges were made with regard to the disposition of goods by an involuntary bankrupt just prior to the institution of the proceedings, it was no ground for the referee's withholding his approval of the trustee chosen by the creditors that he had incurred the violent hostility of the bankrupt, nor that as receiver he had unreasonably delayed to account for the funds in his hands, thereby hindering their distribution to creditors, being accountable for any dereliction in the latter particular to the court which appointed him.

In Bankruptcy. On certificate from referee.

C. A. Van Wormer, for exceptions.

John T. Lennahan, opposed.

ARCHBALD, District Judge. The referee in his supplemental report concedes that he was mistaken in his original rulings, and that, by the vote of a majority in number and amount of those present at the creditors' meeting, Thomas English, heretofore acting as receiver, was duly elected trustee; also that he had no authority as referee to go on, as he did, and appoint a trustee simply because he did not approve of the selection of Mr. English. In re MacKeller, 8 Am. Bankr. Rep. 669, 116 Fed. 547. It is somewhat peculiar, after the decision by this court in that case, that the referee should the second time fall into the same error.

The only question, therefore, is whether the withholding by the referee of his approval of the trustee chosen by the creditors was justified. Two reasons are given: First, because Mr. English has incurred, as it is said, the violent hostility of the bankrupt; and, second, because, as receiver, he has unreasonably delayed to account for the funds in his hands, thereby hindering the distribution of them to creditors. But neither of these, in my judgment, is sufficient. The proceedings in this case were involuntary, and serious charges are made with regard to the disposition of goods by the bankrupt just prior to their being instituted. A careful investigation of his conduct by the trustee, and a vigorous prosecution by action to recover the property, if necessary, is therefore called for, and one who will do so without fear or favor is required in the interests of creditors, rather than one who may happen to be agreeable or otherwise to the bankrupt. And as to the charge that Mr. English has stood in the way of a distribution of the money collected by him as receiver, he is accountable for any dereliction of duty in this respect, not to the referee, but to the court which appointed him, and it will be sufficient to consider that question when occasion is found to complain of him here.

The action of the referee is reversed, and the choice by creditors of Thomas English as trustee is approved.