## In re WILLIAM F. FISHER & CO.

(District Court, D. New Jersey. February 27, 1905.)

1. BANKRUPTCY—SALE OF ASSETS—COMPOSITION.

Where the money necessary to pay taxes and other debts having priority, required to be deposited by Bankr. Act July 1, 1898, c. 541, § 12b, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3427], as a condition to the enforcement of a composition, had not been deposited, though several months had intervened since the court declared that such deposit must be made before any composition could be confirmed, the pendency of the petition for such composition was no defense to a petition for the sale of the bankrupt's assets.

2. SAME—PETITION—FILING—REFEREE.

A petition by a bankrupt's trustee for authority to sell property of the bankrupt was properly filed with the referee, instead of the clerk of the court, though Bankr. Act, § 70b (30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]), declares that real and personal property, when practicable, shall be sold subject to the approval of the court.

3. SAME—TRUSTEES—APPOINTMENT.

Bankrupt Act July 1, 1898, c. 541, § 44, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438], provides that the creditors of a bankrupt shall at their first meeting after the adjudication, or after a vacancy has occurred in the office of trustee, etc., appoint one trustee or three trustees of the estate, and, if the creditors do not appoint a trustee or trustees, the court shall do so. *Held*, that where the creditors of a bankrupt appointed two trustees at their first meeting, who applied for a sale of the bankrupt's assets, pending which a third trustee was elected, who qualified, and joined in the petition for sale, the fact that the petition was presented by two trustees only in the first instance was no objection thereto, since, if title to the bankrupt's estate was not vested in the two trustees on their appointment and qualification it became vested in the three on the appointment and qualification of the third, as provided by Bankr. Act, § 70 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]).

4. SAME—VACANCY—POWER OF REFEREE.

Where creditors of a bankrupt elected two trustees at the first meeting, instead of three, as required by Bankr. Act, § 44 (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]), the referee had no power to fill the vacancy in the office of the third trustee, unless the creditors, after the calling of another meeting by the referee, had themselves failed to fill the same.

In Bankruptcy. On petition for review of referee's order.

Charles J. Peshall, for petitioner.
Robert Adrain, for bankrupt.

LANNING, District Judge. At the first meeting of the creditors
of William F. Fisher & Co., held on December 15, 1902, Frederick
Weigel and Samuel F. Wylie were appointed trustees of the bank-
rupt's estate. The trustees immediately qualified and entered upon the
duties of their respective offices. On October 31, 1904, they presented
their petition to the referee to whom the cause had been referred, pray-
ing that they might be authorized to make sale of the property of the
bankrupt. After the filing of this petition due notice was given to the
creditors of the bankrupt of a hearing thereon, and also of the elec-
tion of a third trustee, at a meeting of the creditors to be held on De-
cember 5, 1904. On December 5th, at the creditors' meeting, they
appointed Nathan W. Clayton as the third trustee of the bankrupt's
estate. He accepted the appointment, filed his bond, and, by a writing
annexed to the petition of the two trustees previously appointed, joined
in the prayer for the sale of the bankrupt's property. By an order dated
December 24, 1904, the referee directed that the property be sold at
not less than $65,000, by private sale within 30 days from the date of
the order, or, if such private sale could not be effected within that
time, then by public vendue, and that, if the highest bid should be less
than the appraised value of the property, no deed or bill of sale should
be executed until the sale should have first been approved by the court.
This order is now before me on the petition of Charles J. Peshall for
review in accordance with the provisions of general order 27 (89 Fed.
xi, 32 C. C. A. xxvii).

In the petition for review it is objected (1) that the order of sale is
erroneous in that a petition for composition is now pending in the
cause; (2) that the petition of Samuel F. Wylie and Frederick Weigel
for authority to sell the property was not filed in the office of the clerk
of this court, or presented to the judge of the court, as required by the
bankruptcy act; and (3) that the order to sell is fatally defective, be-
cause but two trustees were appointed at the first meeting of the credit-
ors of the bankrupt.

The first objection, namely, that a petition for composition is now
pending, is not valid. It is true that an effort to effect a composition
with the creditors of the bankrupt has been made, but the money neces-
sary to pay taxes and other debts having priority, required to be de-
posited by section 12b of Bankr. Act July 1, 1898, c. 541, 30 Stat. 549
[U. S. Comp. St. 1901, p. 3427, has not been deposited, though several
months have intervened since the court declared that such deposit must
be made before any composition could be confirmed.

The second objection, namely, that the petition praying for authority
to sell the property was not filed with the clerk of this court or pre-
sented to the judge of the court, is also invalid. It is true that section
70b of the Bankruptcy Act (30 Stat. 566 [U. S. Comp. St. 1901, p.
3451]) provides that real and personal property shall, when practicable,
be sold subject to the approval of the court, but it is the general prac-
tice, after a case has been referred to a referee, to present the petition
for an order of sale to the referee, and for him to grant or deny the
order. In Loveland's Bankruptcy, p. 702, it is said:

"Whenever it is necessary or advisable in the opinion of the trustee to
make a sale, it would seem, from the language of the statute, that it must

be done 'under the direction of the court.' He should apply to the judge or referee (usually the referee) for permission to sell property, specifying particularly what property is to be sold."

Forms 42, 43, 44, 45, and 46 of orders for the sale of the property of bankrupts' estates, prepared by the Supreme Court, all show that the orders are to be made by referees.

The third objection is that the order of sale is invalid, and should be set aside, for the reason that the creditors of the bankrupt at their first meeting elected but two trustees. Section 44 of the Bankruptcy Act (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) provides that:

"The creditors of a bankrupt estate shall, at their first meeting after the adjudication, or after a vacancy has occurred in the office of trustee, or after an estate has been re-opened, or after a composition has been set aside or a discharge revoked, or if there is a vacancy in the office of trustee, appoint one trustee or three trustees of such estate. If the creditors do not appoint a trustee or trustees as herein provided, the court shall do so."

The point made by the objecting creditor is that, as the creditors at their first meeting elected two trustees, and not one trustee or three trustees, the appointment was absolutely void. I am not willing so to hold, especially in view of what was done in this case. It is true that the petition praying for an order to sell the property was originally signed by the two trustees Weigel and Wylie only, but, anticipating the objection to the power of the referee to make an order of sale upon that petition, notice was given to the creditors that at the time of the hearing upon the petition an election of a third trustee would be had. Such election was had, and the trustee, Clayton, accepted his appointment, duly qualified by filing his bond, and also joined in the petition of the other two trustees for the sale of the property. I think this action cured whatever defect existed in the previous action of the creditors. The objection that the appointment of the three trustees is so irregular that they cannot convey a good title to the real estate is not sound. This court has the power to direct the real and personal property of a bankrupt's estate to be sold. If the title to the bankrupt's estate was not vested in the two trustees upon their appointment and qualification, it became vested in the three trustees after the appointment and qualification of Mr. Clayton. See section 70 of the Bankruptcy Act (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). As this court has general jurisdiction of the subject-matter of the sales of the properties of bankrupts' estates, a title conveyed by the three trustees in this case under an order of this court could not be successfully assailed in any collateral proceeding. The record of the case shows that three trustees have been elected. It is true that they were not all elected at the first meeting of the creditors; but the requirement that they shall be elected at such first meeting must be regarded as directory, and not mandatory. And, since it is clear that the creditors intended to elect more than one trustee, and in fact did elect but two, a fair construction of section 44 of the Bankruptcy Act (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) will lead to the conclusion that a vacancy existed in the office of the third trustee. That vacancy was subsequently supplied at a meeting of the creditors duly called. The referee had no power to fill that vacancy unless the creditors, after the calling

135 F.—15

of another meeting by the referee, had themselves failed to elect. See In re MacKellar (D. C.) 116 Fed. 547; In re Hare (D. C.) 119 Fed. 246.

I am of the opinion that the objections to the order of sale are not valid. The petition for review will therefore be dismissed.