## In re CHEZ MARIANNE, Inc.
### No. 61546.

District Court, D. New York.
June 7, 1935:

Supplemental Opinion June 26, 1935.

On Confirmation of Report Nov. 9, 1935.

John W. Remer, of New York City, and Samuel C. Duberstein and Duberstein & Schwarts, all of Brooklyn, N. Y., for Trustee William Edelson.

Abraham L. Freeman, of New York City, for Trustee John W. Remer.

Feldman & Singer, of New York City, for petitioners.

Freeman & Freeman, of New York City, for receiver and Trustee J. W. Remer.

David & Irving Katz, of New York City, for Chez Marianne, Inc.

Robert P. Stephenson, of New York City, referee.

KNOX, District Judge.

The petition to review the decision and order of the referee is sustained. Pressure of other duties renders it impossible for me to express my views as to why I think section 44 of the Bankruptcy Act (11 U.S.C.A. § 72) is applicable to the situation which this case presents. I can merely state that I am definitely of that belief.

### Supplemental Opinion.

At the request of the attorney for the trustee who is displaced by the within order, I shall briefly elaborate upon what I said in my memorandum of June 7, 1935, viz.: When a proceeding instituted under section 77B (11 U.S.C.A. § 207) turns out to have been abortive, and is relegated to the practice long familiar in ordinary bankruptcy, the theory of creditor control of the estate becomes operative, and creditors, pursuant to section 44 (11 U.S.C.A. § 72), are entitled to choose the trustee who will administer the assets. Upon his choice and appointment, a trustee who may have been selected by the court becomes, as it were, functus officio. In other words, an appointee of the court is in much the same position as a temporary receiver in the usual bankruptcy proceeding who, when adjudication is had of the bankrupt, does not succeed himself as trustee of the estate.

On ·Confirmation of Report.

 Report confirmed. I see no good reason, under the circumstances of this case, why the creditors should pay the expenses incident to the furtherance of the desire of the trustee to remain in office. For reasons satisfactory to themselves, the creditors have chosen a trustee of their own selection, and this court has said they had a right to do so. It seems to me, therefore, if the present trustee is desirous of litigating the matter he should do so at his own expense.