426

In re PILSENER BREWING CO. OF
SEATTLE.
No. 33230.

District Court, W D. Washington, N. D.
Sept. 10, 1936.

Schwellenbach & Gates, of Seattle, Wash., for debtor.

Robinson & Gibbon, of Seattle, Wash., for trustee.

Frederick C. Kapp, McClure & McClure, Leopold M. Stern, Harry B. Jones, and Barto Fite, Jr., all of Seattle, Wash., for creditors' interests.

BOWEN, District Judge.

This case was originally commenced by the filing of a creditors' involuntary petition in bankruptcy on February 28, 1934, to which the alleged bankrupt corporation, debtor here, filed an answer denying certain material allegations of the petition. Upon the issues thus formed a trial was had, and, on May 10, 1934, this court entered an order adjudging the corporation to be a bankrupt and referring the matter to the referee in bankruptcy. Pursuant to adjudication and reference, a trustee in bankruptcy was appointed and steps were initiated to liquidate the estate of the bankrupt in that proceeding.

Thereafter, on June 7, 1934, section 77B (11 U.S.C.A. § 207) became effective as an addition to the Bankruptcy Act. On June 21, 1934, the bankrupt corporation filed its petition for reorganization under 77B, and on that date this court entered an order approving that petition as properly filed, referring the matter for reorganization to a special master, who was the same person to whom as referee the original bankruptcy matter had been referred, and appointing the same person as reorganization trustee who had previously been appointed trustee in the original bankrptcy proceeding.

A plan of reorganization was thereafter proposed by the debtor and confirmed by the court, an appeal from the order of confirmation was taken to the Circuit Court of Appeals, and the appellate court reversed the lower court's confirmation of the plan. 79 F.(2d) 63. Later, on June 23, 1936, the special master filed a report in the reorganization proceeding, making certain findings and conclusions, and recommending, among other things, that the estate be liquidated in view of the fact that the debtor does not now have available the consent of two-thirds of the creditors to a plan of reorganization, after which the debtor filed in the reorganization proceeding its petition setting forth some of the facts found by the special master, advising the court that the debtor is unable to obtain the necessary consent of creditors to a plan of reorganization and recommending and praying that the estate of the debtor be now liquidated.

The question is whether the court has any discretion under the statute to adopt one, and, if so, what one should be adopted, of the provided methods of liquidation in a situation like this where the debtor corporation, previously seeking reorganization, now advises the court that it cannot go on with reorganization and now seeks liquidation.

The debtor prefers that the liquidation be accomplished in the reorganization pro-

ceeding rather than in normal bankruptcy. The only creditors making their wishes known to the court insist that, in view of the fact that the case was commenced as a normal bankruptcy proceeding and of the further fact that this court adjudicated the debtor a bankrupt and steps to liquidate it in normal bankruptcy had already been commenced before the proceeding was commenced under 77B, this court cannot appropriately do otherwise than dismiss the reorganization proceeding, thus allowing the matter to revert to its status of a normal bankruptcy liquidation, as before the institution of the 77B proceeding.

The matter was argued on July 27, 1936, when the court orally decided that the reorganization proceeding should be dismissed, leaving the matter to revert for further liquidation to its normal bankruptcy status as before the 77B proceeding. Rehearing was asked by the debtor and granted by the court, further argument was heard, and the matter was taken under advisement.

Pertinent to the question here involved, the statute, being section 77B (c) (8) of the Bankruptcy Act, U.S.C.A. title 11, § 207(c) (8), provides: "If a plan of reorganization is not proposed or accepted within such reasonable period as the judge may fix, or, if proposed and accepted, is not confirmed, [the judge] may, after hearing, whether the proceeding be voluntary or involuntary, either extend such period or dismiss the proceeding under this section or, except in the case of a railroad or other public utility or of a debtor which has not been found by the judge to be insolvent, direct the estate to be liquidated, or direct the trustee or trustees to liquidate the estate."

■ The debtor is right in its contention that this court's reason (that under the statute as applied to the facts there was no discretion but to dismiss the 77B proceeding) for orally deciding that this matter must revert to normal bankruptcy for liquidation was erroneous, because the debtor was, upon the trial in the original bankruptcy proceeding prior to the 77B proceeding, found to be insolvent and adjudged a bankrupt, thus bringing the debtor within the statutory condition where the court, in its discretion, could "direct the estate to be liquidated, or direct the trustee or trustees to liquidate the estate," if this case involves a situation otherwise proper for the court to so direct.

In connection with their contention that liquidation of the estate should be accomplished in normal bankruptcy instead of under 77B, the creditors seek to charge the debtor with responsibility for delay in the proceedings incident to fruitless efforts to obtain creditors' approval of a plan of reorganization, but, from all that has been made to appear, both the debtor and creditors have at all times acted in good faith, and it is through no bad faith of any one that a plan of reorganization has not been effected.

■ It now appears that the court's preference for liquidation under 77B, expressed in the oral decision, is not in harmony with the following authorities and points:

In re Sterba (C.C.A.) 74 F.(2d) 413, at page 417, holds that: *"The proceedings under sections 74, 75, 76, and 77* [11 U.S.C. A. §§ 202–205] *are not the equivalents of equity receivership proceedings.* They contemplate a feasible plan, *promptly presented,* whereby the overburdened debtor may, through creditors' cooperation (though unanimous creditor action is unnecessary) secure a scaling of debt or interest, or an extension of due date of debts. If none of these objects can be accomplished no good purpose can be attained by retaining jurisdiction of the proceedings. The case is then one for liquidation through bankruptcy proceedings." (Italics as per report of case.)

While the Sterba Case does not involve a proceeding under 77B, the above quotation therefrom states a principle applicable to the situation here.

In Re Chez Marianne, Inc. (D.C.) 15 F.Supp. 326, Judge Knox said: "When a proceeding instituted under section 77B (11 U.S.C.A. § 207) turns out to have been abortive, and is relegated to the practice long familiar in ordinary bankruptcy, the theory of creditor control of the estate becomes operative, and creditors, pursuant to section 44 (11 U.S.C.A. § 72), are entitled to choose the trustee who will administer the assets. Upon his choice and appointment, a trustee who may have been selected by the court becomes, as it were, functus officio. In other words, an appointee of the court is in much the same position as a temporary receiver in the usual bankruptcy proceeding who, when adjudication is had of the bankrupt, does not succeed himself as trustee of the estate."

And in Gerdes on Corporate Reorganizations, § 1150, pp. 1831, 1832, it is said: "If the judge directs the proceeding under section 77B to be dismissed, any bankruptcy or equity receivership proceeding which has been superseded by the proceedings under section 77B is automatically reinstated at the point at which it had been interrupted."

It must be borne in mind that this is a case originally commenced as a normal bankruptcy proceeding under the law as it was before 77B became effective and that this court, before the 77B petition was filed, adjudged the debtor a bankrupt, referred the matter to the referee in bankruptcy, a trustee in bankruptcy was appointed, and steps were taken to liquidate in that original bankruptcy proceeding. It is also forcefully urged by the creditors that, if liquidation should be ordered by a method provided in section 77B, the court would thereby in effect be unlawfully setting aside the order of adjudication in bankruptcy of May 10, 1934, which cannot be done after expiration of the term when it was entered. Whether an order to liquidate under 77B would have that effect, as contended by the creditors, may be doubtful, in view of the situation here, but, in any case, it is the duty of the court to adopt a method of liquidation, if available, which is well established, clear, and certain, and not based on doubtful authority.

While the situation might be different if there had been no adjudication of bankruptcy and no proceedings in liquidation pursuant thereto, yet, in view of the fact that the case had already proceeded well along in normal bankruptcy liquidation prior to the 77B proceeding, we now, after the abandonment of reorganization efforts, have here a typical case where the principle of creditor control, aptly stated by Judge Knox in Re Chez Marianne, Inc., supra, should apply, and where measures should be adopted to restore to the creditors of this estate the same rights which they, prior to the 77B proceeding, had commenced to enjoy in this case, in harmony with the old bankruptcy rule of creditor control well established in a long line of federal court decisions, such as In re Lewensohn (D.C.) 98 F. 576; In re MacKellar (D.C.) 116 F. 547; In re Hare (D.C.) 119 F. 246; In re Weintraub (D. C.) 133 F. 1000; In re William F. Fisher & Co. (D.C.) 135 F. 223, and other cases.

This, then, is not a proper case for the court in its discretion to "direct the estate to be liquidated, or direct the trustee or trustees to liquidate the estate" under the provisions of 77B. The reorganization proceeding under 77B should be dismissed, allowing the case to revert to the normal bankruptcy jurisdiction of the court, where the liquidation of the estate will proceed under the Bankruptcy Law other than section 77B.

Authority, however, should be reserved in any order carrying this ruling into effect to thereafter determine the trustee's petition for confirmation of sale or transfer of the debtor's assets made in the course of the reorganization proceeding, and to determine, allow, and order paid the reasonable expenses and services of the trustee and his attorney and the administration expenses already incurred under the reorganization proceeding.

Form of order carrying this ruling into effect may be settled on September 21, 1936, or thereafter, upon notice or stipulation.