263 F.2d 287
 In the Matter of Richard H. THOMAS, Jr., Bankrupt.
Robert L. FELTINTON, Samuel C. Lurie, O'Keefe Bros. Coal Co., S. Benson and B. H. Molner, Appellants,
v.
Gerald P. GRACE, Trustee, Appellee.
 No. 12425.
 United States Court of Appeals Seventh Circuit.
 January 26, 1959.
 
 Harry H. Ruskin, Chicago, Ill., Joseph Rosenbaum, Chicago, Ill., for appellants.
 Jerome F. Dixon, Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 In this voluntary bankruptcy proceeding, which was commenced July 27, 1936, the district court, on March 16, 1955, vacated an order of reference theretofore entered and, on June 24, 1958, held a meeting of creditors, where it called for nominations for a successor trustee. Creditors present nominated Nathaniel Henry Du Sell. There were no other nominations. The attorney for creditors Robert L. Feltinton and Samuel C. Lurie (who are among the appellants herein), stated to the court that Du Sell
 
 
 2
 "* * * is a resident of this district and division. He lives in Aurora, and is presently in the trust department in the Old Second National Bank of Aurora. He has been in the trust department for eight years. He previously had been for five years in the office of the Housing Expediter of Rent Control, and for many years before that was the assistant to the receiver for closed banks. He is a person who enjoys an enviable reputation for integrity, and I think in this situation, because of his position, experience and residence, would be in a position to administer this trusteeship impartially and with unimpeachable integrity."
 
 
 3
 The correctness of this statement has not been challenged. However, the court stated that his "customary trustee is Gerald P. Grace, in these matters," and adjourned the "matter until tomorrow".
 
 
 4
 On the following day the court took a vote and announced that Du Sell was the "unanimous choice," but refused to appoint him on the ground that he did not know him and that he knew nothing of him at all.
 
 The court proceeded to say:
 
 5
 "* * * I am certainly not going to approve any trustee whom I do not personally know. I have no reason but to know that he is a fine gentleman, his position as such he must be a fine gentleman, because I know the institution for which he works and the fine reputation but he comes here upon the sponsorship yesterday and still the sponsorship of, some of the principal litigants herein, and I am going to refuse to appoint him, I will not show him and approve him as a qualified trustee.
 
 
 6
 "I now appoint Gerald P. Grace as a trustee in this case and direct him to proceed with the matter."
 
 
 7
 The court added that he would not appoint anyone but Mr. Grace, and said:
 
 
 8
 "When I start deviating from that and the other judges start deviating from that, then the judges will cease to run the bankruptcy court, and I am going to run it."
 
 
 9
 In its order the court fixed the bond of Mr. Grace, as trustee, in the amount of $1,000 and Feltinton, Lurie, O'Keefe Bros. Coal Company, a corporation, S. Benson and B. H. Molner, creditors, have appealed to this court.
 
 
 10
 § 72, sub. a of the Bankruptcy Act[1] provides:
 
 
 11
 "The creditors of a bankrupt, * * * shall, * * * after a vacancy has occurred in the office of trustee, * * * appoint a trustee * * * of such estate. If the creditors do not appoint a trustee or if the trustee so appointed fails to qualify as herein provided, the court shall make the appointment. * * *" § 11, sub. a of that act[2] provides:
 
 
 12
 "The courts [of bankruptcy] * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to * * * (17) Approve the appointment of trustees by creditors or appoint trustees when creditors fail so to do; * * *."
 
 
 13
 § 73 thereof[3] provides:
 
 
 14
 "* * * trustees shall be (1) individuals who are competent to perform their duties and who reside or have an office in the judicial district within which they are appointed; * * *"
 
 
 15
 The general orders in bankruptcy, following 11 U.S.C.A. § 53, provide:
 
 
 16
 "Order 14. No Official or General Trustee
 
 
 17
 No official trustee shall be appointed by the court, nor any general trustee to act in classes of cases. * * *"
 
 
 18
 In Bollman v. Tobin, 8 Cir., 239 F. 469, at page 471, the court said:
 
 
 19
 "* * * One of the highest acts of the creditors is the choice of a trustee. That power is clearly committed to them by section 44 of the Bankruptcy Act. Their choice is subject to the approval of the court, but should be approved unless good cause exists for disapproving. One of the chief causes for disapproval is interference in the election by parties having an interest hostile to the general creditors, such, for example, as the bankrupts or their friends or kindred. Such interference has been frequently condemned by the courts. In the case of In re Lewensohn, 2 Cir., 98 F. 576, Judge Brown, after a careful examination of the decisions and the statute, uses this language:
 
 
 20
 "`The beneficiaries are not the bankrupt, but the creditors. For that reason the law gives to them alone the choice of trustee. The bankrupt has no part in it, because presumably he has no interest in it.'"
 
 
 21
 To the same effect, see In re Hale Desk Co., 2 Cir., 89 F.2d 1, 2.
 
 
 22
 The choice by a bankrupt's creditors of a trustee, although subject to the approval of the court, should be approved unless good reason exists for disapproving. If any question exists in the court's mind as to whether the choice of the creditors should be approved, it may hold a hearing for that purpose, but the court has no power to peremptorily disapprove such choice either without any reason, or on the ground that the court has a trustee which he customarily appoints, that the choice is not personally known to the court, that he is sponsored by some of the creditors, or that he must be an "independent person" and not "suggested by any of the interested parties."
 
 
 23
 Every judge, sitting in bankruptcy cases, must follow relevant provisions of the Bankruptcy Act. While we have no doubt that the district judge in this case was sincere in taking the action which he did and believed that that action was for the benefit of the interested parties, we believe he was mistaken in failing to follow the Act. None of the district court's reasons for rejecting Du Sell is valid when tested by the statutory provisions.
 
 
 24
 In this court, counsel for appellee does not rely on the reasons given by the district court for its action. Instead appellee's counsel attempts to have us affirm the order below on other grounds. We have no quarrel with the rule that permits us so to do. Ginsburg v. Black, 7 Cir., 237 F.2d 790, 792. However, we cannot apply that rule here, because we find that the alternative grounds relied upon in this court by appellee to sustain the order below, are likewise insufficient. Appellee states as grounds for affirmance:
 
 
 25
 "The action of the District Court in appointing the trustee was within the power of the court for the reason that the creditors made no proof of the qualifications of their nominee. It was also within the power of the court to make the appointment for the reason of the 18 months delay of the creditors in taking action to make the appointment. * * *"
 
 
 26
 There was no occasion for the creditors to make proof of Du Sell's qualifications, his qualifications, as stated, were sufficient and they were not disputed by anyone. There being no issue before the court as to Du Sell's qualifications, the record does not afford any ground for affirmance for the first reason assigned by appellee.
 
 
 27
 Moreover, the mere lapse of a period of time (said by counsel to be 18 months) before the creditors' meeting was called, for the purpose of appointing a successor trustee, in our opinion in no way affects the right of the creditors to choose a successor trustee at that meeting. The court itself had taken over the administration of the estate and called this meeting. Upon the convening of the meeting, the creditors unanimously made their choice. There is no showing that anyone was prejudiced by the delay. It is not apparent how anyone except possibly the creditors themselves could have been prejudiced. Moreover, there is no showing that the creditors caused the delay.
 
 
 28
 For these reasons, the order from which the appeal was taken is reversed and this cause is remanded to the district court with instructions to approve the appointment of Nathaniel Henry Du Sell as successor trustee in bankruptcy, upon his furnishing bond sufficient in the discretion of the district court, and for further proceedings not inconsistent with the views herein expressed.
 
 
 29
 A few days before the oral argument in this case, counsel for appellants filed in the office of the clerk of this court a stipulation by counsel for both sides to the effect that a certified copy of the transcript of certain proceedings before the district court on June 30, 1958 might be referred to by either counsel upon the oral argument. Appellants' counsel caused the clerk to file herein a purported transcript of proceedings, in conformity with that stipulation. This filing was canceled pursuant to our order of December 31, 1958, to abide our later ruling.
 
 
 30
 This transcript was never in any manner made a part of the record on appeal. See 28 U.S.C.A. Federal Rules of Civil Procedure, rules 73(g), 75(a) (b) (f) (g) (h) and (l). Also, see rules of this court, 28 U.S.C.A., Rules, 7th cir. 10(a), 12, 16(k). Rules 10(a) and 12 in effect limit us to matters in the record on appeal. With the possible exception of rare cases, we cannot go outside that record, even by stipulation of counsel. Rule 16 (k) provides a method for a party to refer upon argument to a portion of the record not printed. However, in this case the stipulation attempted to go one step further, viz.: It attempted to permit a party to refer not only to a portion of the record not printed, but to something which was not in the record at all. This cannot be done and we adhere to our order directing the clerk to cancel the filing of said transcript. No effort was made to file a supplemental record in this court.
 
 
 31
 Reversed and remanded with directions.
 
 
 
 Notes:
 
 
 [1]
 11 U.S.C.A. § 72, sub. a, which was originally known as § 44, sub. a, 30 Stat. 557, July 1, 1898
 
 
 [2]
 11 U.S.C.A. § 11, sub. a which was originally known as § 2, sub. a, 44 Stat. 662, 52 Stat. 842, June 22, 1938
 
 
 [3]
 11 U.S.C.A. § 73 which was originally known as § 45, 30 Stat. 557, July 1, 1898