267 F.2d 33
 Matter of LURIE BROS., INC., an Illinois corporation, Bankrupt.
ENGLEWOOD ELECTRICAL SUPPLY COMPANY, The Sampson Company, and Maytag-Chicago Company, all Illinois corporations, Appellants,
v.
S. Harvey KLEIN, Trustee, Appellee.
 No. 12523.
 United States Court of Appeals Seventh Circuit.
 May 26, 1959.
 As Amended on Denial of Rehearing June 25, 1959.
 
 Simon H. Alster, Jerome S. Wald, Chicago, Ill., for appellants.
 Theodore D. Kahn, Max Chill, Chicago, Ill., for appellee.
 Before SCHNACKENBERG, HASTINGS and KNOCH, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Englewood Electrical Supply Company, The Sampson Company, and Maytag-Chicago Company, Illinois corporations, upon whose petition Lurie Bros., Inc., an Illinois corporation, was adjudged bankrupt, have appealed from an order of the district court overruling a creditors' petition to review a referee's order appointing S. Harvey Klein as trustee in bankruptcy. Appellants contend that the referee erred in refusing to approve a choice of Chicago Title and Trust Company, as trustee, and in appointing Klein as trustee.
 
 
 2
 On May 22, 1958, the bankrupt, a dealer in household furniture and appliances, made a voluntary assignment for the benefit of its creditors. On June 10, 1958, the involuntary petition was filed. An order of adjudication was entered by consent on June 12, 1958, whereupon the court appointed Klein as receiver and referred the case generally to referee Wallace Streeter.
 
 
 3
 At the first meeting of creditors, an attorney for appellants nominated for trustee Chicago Title and Trust Company and an attorney representing two creditors nominated Klein. A majority of the creditors (both in number and amount of claims) voted for Chicago Title and Trust Company.
 
 
 4
 With the referee's permission, Klein stated, inter alia, that he had been asked to appoint, as receiver's attorneys, lawyers suggested by the creditors,
 
 
 5
 "notably by Mr. Hansen representing the First National Bank; that he had learned that the bank had taken, to apply on the indebtedness of the bankrupt, funds of the bankrupt on deposit which might constitute a preference; that he was asked to attend a meeting with respect to the appointment of an attorney for the receiver, in the chambers of the referee, which he refused to do; that he did meet with representatives of creditors, including Mr. Hansen, in the office of Mr. Schapiro, the attorney for R.C.A. Victor, the largest creditor; and was then told that the attorney he had selected to represent him as receiver was unsatisfactory; * * * that in his opinion the First National Bank had received a preference. * * *"
 
 
 6
 This quotation is taken from appellants' brief.
 
 
 7
 Whereupon George A. Hansen representing the First National Bank stated that he did not think it necessary to deny Klein's "remarks", but that he did "deny quite a bit of his remarks."
 
 
 8
 The referee then heard testimony of several witnesses, including Norman R. Kozy, from whose testimony it appeared that there was a meeting of creditors at the First National Bank where Mr. Hansen was asked to contact Chicago Title and Trust Company and two others to ascertain if they would accept appointment as trustee. The meeting was called by Kozy, Hansen and a representative from R.C.A., a creditor. Kozy testified that "we recommended" to Klein that he retain as his attorneys A. L. Schapiro and Seidner & Seidner, whose name came to Kozy for the first time through Hansen.
 
 
 9
 Kozy also testified that he was "apprised of the fact that the First National Bank had received some seventeen to twenty thousand dollars just prior to the assignment for the benefit of creditors." He also testified as follows:
 
 
 10
 "I asked the bank by what right the money was taken, and as a matter of fact — I don't recall who gave me the answer, but I am sure that it was somebody from the bank, and it was at this general meeting when all the creditors were present at the time of the assignment when we were apprised of the fact that the bank had taken this money from the account and that it was by right of off-set on the loan, and which I believe is in the agreement that the bank had, and at such time as the questioning was over and this case would be in the hands of a trustee that is the time such an agreement will possibly be looked at. * * * I know when the bankruptcy gets down to the trustee's appointment then it actually is the attorney who will finish out things and as such all claims are checked and this claim of the bank would not only be checked as to its validity but also as to the right of off-set that they used."
 
 
 11
 After the hearing of evidence, including the foregoing, the referee said:
 
 
 12
 "It is true that the creditors have a right to select a trustee, and it is also true that that trustee, by whomever he may be nominated, must be neutral as between all the parties to a proceeding, and he must not be interested more in secured creditors or creditors who may have received a preference than he is in the general run of unsecured creditors. I am loath to overrule the wishes of the creditors who have voted here, but I don't believe my conscience would permit me to elect the person that they wish to nominate — or that they have nominated. I have no objection to the Chicago Title & Trust Company and I think it is an admirable institution and I know that they would do an excellent job if they were appointed trustee in this proceeding.
 
 
 13
 "Shortly after the petition was filed I received a call requesting an appointment in my office at two o'clock, and I am not sure but I believe it was somebody connected with Mr. Hansen, who indicated that several people interested in this case would appear, and he requested me to ask Mr. Klein to appear, or he indicated that Mr. Klein possibly should be notified. I made a note of the appointment on my desk and I was advised shortly before two o'clock that the meeting was off. That is in substantiation of Mr. Klein's statement as to this meeting at which Mr. Hansen requested certain things in regard to future proceedings in the case. It is apparent to me that the suggestion that Mr. Klein be not appointed as trustee originated or at least — the idea was nutured in the First National Bank; and it appears from the statements made here that there is a possible preference which may be voidable and which was given to the First National Bank, and that will be one of the first matters to be taken up by a trustee to be appointed to investigate to see the possibility of the recovery of that preference. And I see by some of the claims which have been voted here that other payments have been made to other creditors within the five month period on back accounts.
 
 
 14
 "The person who is appointed trustee in a bankruptcy case must be neutral as against a person who has received a preference, and he must be free to determine by his counsel and his own experience as a trustee whether a preference has been given and whether that preference is a voidable one which might be recovered for the benefit of all the creditors. It is for that reason that the statute requires a neutral person to be appointed as trustee. I have every confidence in Mr. Klein, and he has been acting as trustee in many cases, and his father before him for twenty-five years or more, and I have no doubt but what he will use his own judgment in determining whether a preference has been created, and if so whether there is a possibility of recovering that preference for the estate.
 
 
 15
 "It is essential that Mr. Klein have neutral counsel, counsel who have no interest on behalf of any particular creditor and particularly no interest in a creditor who may have been given a preference, because the trustee will usually be guided by what his counsel advises him as to whether there is such a preference and whether there is the probability or possibility of its recovery. Mr. S. Harvey Klein will therefore be appointed trustee. * * *"
 
 
 16
 Appellants rely upon our holding In Matter of Thomas, 7 Cir., 263 F.2d 287. where we said, at page 290:
 
 
 17
 "The choice by a bankrupt's creditors of a trustee, although subject to the approval of the court, should be approved unless good reason exists for disapproving. If any question exists in the court's mind as to whether the choice of the creditors should be approved, it may hold a hearing for that purpose, * * *."
 
 
 18
 In the case at bar the referee held a hearing for that purpose, where it heard, without objection, the unsworn statements of Klein and Hansen and the sworn testimony of Hansen, Kozy and others, after which the referee related for the record facts within his own knowledge. He then made findings of fact which, if true, constituted good reason for disapproving the choice for trustee made by the majority of creditors.
 
 
 19
 We express no opinion as to the correctness of these findings of fact, particularly as to the alleged interest of the bank in the matter of the selection of an attorney for Klein.[1] On the other hand, we are required, as was the district court, to accept the referee's findings of fact unless clearly erroneous. 11 U.S. C.A. following section 53, Order 47. Margolis v. Nazareth Fair Grounds, 2 Cir., 249 F.2d 221, 223, In re Morris, 7 Cir., 152 F.2d 178, 181, and In re Pringle Engineering and Mfg. Co., 7 Cir., 164 F. 2d 299, 301, where we said:
 
 
 20
 "It is clear that an order of a referee affirmed by the District Court will not be set aside unless clearly erroneous. * * *"
 
 
 21
 There was evidence in the record, which, with inferences which might reasonably be drawn therefrom, supported the findings and the order now under attack. We cannot say that they are clearly erroneous.
 
 
 22
 No attack has been made upon the qualifications or competency of Klein to act as trustee herein.
 
 
 23
 For these reasons the order of the district court is affirmed.
 
 
 24
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The qualifications of Chicago Title and Trust Company to serve as trustee are in no way questioned in this case