In the Matter of PEERLESS MANUFACTURING COMPANY, Bankrupt.

UNITED MERCHANTS & MANUFACTURERS, INC., et al., Appellants,

v.

Edward LIMPERIS, Trustee in Bankruptcy and Lee Gollub and Weinstein and Pritkin, Appellees.

No. 17428.

United States Court of Appeals
Seventh Circuit.

Aug. 5, 1969.

58

Edward Rothbart, Joseph Stein, Thomas E. Moran, Chicago, Ill., for appellants.

Mark A. Greenhouse, Louis I. Kessler, Harold S. Lansing, Chicago, Ill., for appellees.

Before SWYGERT and CUMMINGS, Circuit Judges, and MORGAN, District Judge.[1]

CUMMINGS, Circuit Judge.

Peerless Manufacturing Company ("Bankrupt") was an Illinois corporation engaged in the manufacture and sale of women's sportswear. The directors and stockholders were Mr. and Mrs. Irving Gollub and Mr. and Mrs. Frank S. Tiger. In February 1968, Bankrupt filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. After abandoning that petition and consenting to the entry of a bankruptcy adjudication, it was so adjudicated, and the Referee in Bankruptcy appointed Edward Limperis as receiver.

The first meeting of creditors was held on April 29, 1968. At this meeting Joseph Stein, stating that he represented 13 creditors having claims of $93,-288.20, proposed the election of a trustee and nominated Sherwyn Ehrlich to act as trustee. Ehrlich was described as a member of the Illinois Bar, a certified public accountant, and a man "well versed in these matters." Stein recommended Ehrlich "as a competent, well-qualified trustee to act in this proceeding," stating that Ehrlich had previously

1. Judge Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.

audited a bankrupt although he had not acted as a trustee.

The next nomination was by Alex H. Dolnick, representing Mrs. Gollub, a director of Bankrupt, with a claim of $37,484.50. Dolnick nominated Edward Limperis to serve as trustee.

Thereafter Harold S. Lansing, representing a creditor with a $1,021 claim, nominated Limperis, stating "I join with Mr. Dolnick." [2]

Without a vote on the nominations, the Referee rejected the appointment of Mr. Ehrlich and appointed Mr. Limperis as the trustee. The Referee gave the prior bankruptcy experience of Limperis and the lack of such experience of Ehrlich as his reason. Although there had been no election, his ensuing order dated April 29, 1968,[3] disapproved Ehrlich's "nomination and election" and approved Limperis' "nomination and election" as trustee. The order mentioned Limperis' prior bankruptcy experience in contrast to Ehrlich's lack of such experience. In the order the Referee stated that Stein had not filed affidavits on behalf of his 13 creditors showing that their claims had not been solicited, as required by local Rule 10 C 3 of the court below.[4]

The order also stated that:

"there are substantial areas of disagreement among these parties as to the propriety of certain actions engaged in by some of the creditors [represented by Mr. Stein] seeking to nominate Sherwyn L. Ehrlich as trustee prior to the filing of the petition in bankruptcy in respect to certain subordination agreements, guarantees and preferences."

On May 17, 1968, various creditors represented by Stein filed a lengthy petition for review of the order appointing Limperis as trustee. Thereafter the Referee submitted to the district court his certificate on petition for review. The certificate pointed out that Stein's failure to file the Rule 10 C 3 affidavit "was not in itself a specific basis for the Referee's order and that the Referee would have entered the same order even if the affidavit had been filed." In the certificate the Referee stated that he was under no duty to hold a hearing to determine Ehrlich's competence as a trustee "when his lack of experience is admitted by the creditors seeking his appointment." The district court concluded that the Referee's findings were not clearly erroneous and dismissed the petition for review. We reverse.

In pertinent part, Section 44 of the Bankruptcy Act (11 U.S.C. § 72(a)) provides:

"The creditors of a bankrupt * * where the bankrupt is a corporation, exclusive of * * * the members of its board of directors * * * shall, at the first meeting of creditors after the adjudication * * * appoint a trustee * * * of such estate. If the creditors do not appoint a trustee, or if the trustee so appointed fails to qualify * * *, the court [Referee] shall make the appointment * * *."

Under this provision, the Referee was required to permit the creditors to elect a trustee.

One of the Referee's grounds for not considering the choice of the 13 creditors purportedly represented by Joseph Stein was that he had not filed the local Rule 10 C 3 affidavit. However, he had substantially complied therewith by previously filing affidavits under general Rule 39 of the court below that he had not solicited representation of the creditors whom he represented. He also offered to swear to non-solicitation at the creditors' meeting, and before Limperis was formally appointed trustee,

---

2. Lansing's nomination of Limperis appears valid, but Dolnick's violated Section 44a of the Bankruptcy Act, *infra*, since it was on behalf of Mrs. Gollub, a director of the Bankrupt.

3. This order was filed at a later date.

4. On May 3, 1968, apparently prior to the execution and entry of the order appointing Limperis as trustee, Stein filed an affidavit complying with Rule 10 C 3.

Stein actually filed a Rule 10 C 3 affidavit. Therefore, this objection to his voting was improper. The other objections thereto were left unresolved by the Referee.

In the case of In re Thomas, 263 F.2d 287 (7th Cir. 1959), we noted that one of the highest acts of the creditors is the choice of a trustee, and that Section 44a of the Bankruptcy Act clearly confers that choice upon them, stating (at p. 290):

> "The choice by a bankrupt's creditors of a trustee, although subject to the approval of the court, should be approved unless good reason exists for disapproving. If any question exists in the court's [Referee's] mind as to whether the choice of the creditors should be approved, it may hold a hearing for that purpose * * *."

After a thorough study of this record, we conclude that the cause must be remanded with directions promptly to hold another creditors' meeting, upon notice, for the election of a trustee. We are not persuaded by the trustee's argument that the proceedings at the creditors' meeting constituted a valid election and that by failing to nominate a second choice for trustee the creditors represented by Stein, alleged to constitute a majority in amount and number of qualified creditors, lost their right to vote. Here no vote was taken and no opportunity provided for nomination of another choice after the summary rejection of Ehrlich as trustee. Such peremptory disregard for the desires of the creditors was a plain violation of Section 44a as it has long been construed. E.g., In re Thomas, supra; In re Lenrick Sales, Inc., 369 F.2d 439, 442 (3d Cir. 1967), certiorari denied sub nom. Cohen v. James Talcott, Inc., 389 U.S. 822, 88 S. Ct. 45, 19 L.Ed.2d 74; In re Zuky, 18 F. 2d 284 (E.D.N.Y. 1926); 2 Collier on Bankruptcy, ¶ 44.01 (14th ed. 1968); 2 Remington on Bankruptcy, § 1094 (rev. ed. 1956).

Nor can we countenance the disenfranchisement of the 13 creditors on the basis of unsubstantiated allegations of impropriety or conflict of interest in the absence of a proper hearing for the resolution of such questions. There is no basis on the present record for saying that the creditor represented by Lansing was the only one entitled to vote and that Limperis was therefore properly elected. Unlike the situation in In re Baldwin Lumber Supply Co., 266 F.2d 30 (2d Cir. 1959) (per curiam), it appears, without prejudging the matter, that Ehrlich, the trustee nominated by 13 creditors, had the support of the number and amount of properly filed claims to be elected. Thus it was improper for the Referee to have rejected Ehrlich's nomination unless he was disqualified to serve.[5] Whoever is elected at the next creditors' meeting may not be rejected by the Referee without a hearing to determine his competence. In re Eloise Curtis, Inc., 326 F.2d 698, 99 A.L.R.2d 1286 (2d Cir. 1964);[6] In re Lenrick Sales, Inc., supra, 369 F.2d, at p. 442; In re Zuky, supra, 18 F.2d, at p. 285. Despite the lapse of time since Limperis' appointment as receiver and trustee, reversal is required, for "anything less would countenance what appears to have been a substantial violation of the creditors' right to appoint a Trustee." In re Lenrick Sales, Inc., supra, 369 F.2d, at p. 443; see also In re Thomas, supra, 263 F.2d, at p. 290.

Reversed and remanded with directions.

---

5. This record is devoid of sufficient evidence to show that Ehrlich is incompetent to serve as trustee.

6. After the reversal and remand in *Curtis*, competency hearings were held (388 F.2d 416, 417).