## In re VAN DE MARK.

### (District Court, W. D. New York.  January 8, 1910.)

### No. 3,446.

1. BANKRUPTCY (§ 126*)—TRUSTEES—QUALIFICATIONS.

Where a trustee, elected by a majority of the creditors at their first meeting, was evidently interested in the affairs of the bankrupt to such an extent as to cause the referee to believe that the votes cast for him were in the interest of a trustee favorable to the bankrupt, the referee properly disapproved the appointment, in the exercise of his discretionary power conferred by General Bankruptcy Order No. 13 (89 Fed. vii, 32 C. C. A. vii).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 182; Dec. Dig. § 126.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 126*)—TRUSTEES—ELECTION—DISAPPROVAL—NEW CHOICE.

Whenever a referee in bankruptcy disapproves the choice of trustee made by creditors, he should permit the creditors to select another properly qualified to act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184; Dec. Dig. § 126.*]

3. BANKRUPTCY (§ 127*)—TRUSTEES—APPOINTMENT—RIGHT TO CREDITORS—APPOINTMENT BY REFEREE.

Bankr. Act July 1, 1898, c. 541, § 44a, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), provides that creditors, at their first meeting after adjudication, shall appoint one or three trustees, and if the creditors do not appoint a trustee, or trustees, as provided, the court shall do so. *Held*, that where the first trustee elected by creditors was rejected by the referee for interests favorable to the bankrupt, and counsel for a majority of the creditors *immediately* requested permission to make another appointment, it was improper for the referee to refuse such request and to appoint a trustee of his own selection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. § 127.*]

4. BANKRUPTCY (§ 125*)—TRUSTEES—SELECTION—VOTES—REJECTION.

On the election of a trustee for a bankrupt, the referee may reject votes on the ground that they are in the interest of the bankrupt, and have been cast for a trustee who would presumably assist in carrying out a fraud on the bankrupt's creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 180; Dec. Dig. § 125.*]

5. BANKRUPTCY (§ 125*)—SELECTION OF TRUSTEE—SOLICITING PROXIES.

Where counsel for the bankrupt solicits proxies of creditors in order to control the election of a trustee, such votes or proxies may be rejected by the referee as being manifestly in the interest of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 180; Dec. Dig. § 125.*]

In Bankruptcy. In the matter of Albert A. Van De Mark, a bankrupt. On review of decision of the referee disapproving the appointment of a trustee by creditors, and the appointment of a trustee by the referee in the exercise of his own discretion. Reversed.

W. W. Storrs and George C. Lewis, for petitioners.

Marc W. Comstock, M. A. Federspiel, and W. E. Lockner, opposed.

HAZEL, District Judge. The referee disapproved of the trustee originally appointed by the creditors at the first meeting, and thereupon a majority of creditors in number and amount elected another trustee; but the referee again disapproved of the choice and appointed a trustee of his own selection. As the trustee first appointed by the creditors was evidently interested in the affairs of the bankrupt to such an extent as to cause the referee to believe that the votes cast for him were in the interest of a trustee favorable to the bankrupt, I think he properly exercised his discretionary right, pursuant to General Order No. 13 (89 Fed. vii, 32 C. C. A. vii), in disapproving such appointment; but I am unable, on the return of the referee, to concur in his subsequent conclusion that the circumstances were so suspicious and the proceedings so dilatory that the creditors had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lost the right to appoint a trustee as provided by section 44a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]).   Whenever a referee disapproves of a choice of trustee made by creditors, it is a good rule to permit them another opportunity to make a selection of one who is free from any "entangling alliances" that might interfere with the proper discharge of the duties devolving upon him.   Collier on Bankruptcy (6th Ed.) 379; In re McKellar (D. C.) 116 Fed. 547; In re Lewensohn (D. C.) 98 Fed. 576.

The return shows that, after the original choice of the creditors was rejected by the referee, counsel acting for the majority creditors immediately requested permission to make another appointment; but this request was refused, and such creditors then stated that they had chosen Mr. Storrs as trustee.   The referee, however, after first ascertaining that such choice was not agreeable to the opposition creditors, appointed a trustee, ignoring the choice of the majority in number and amount.   The statute plainly and unequivocally provides that the creditors shall have the power to appoint a trustee or trustees, subject to the approval or disapproval of the referee; and this statutory right without adequate cause cannot be taken from them by the bankruptcy court.   In re Hare (D. C.) 119 Fed. 246.   It is true votes for trustee may be rejected on the ground that they are in the interest of the bankrupt and were cast for a trustee who presumably would assist in carrying out a fraud upon the creditors.   In re Henschel (D. C.) 109 Fed. 865.   But such a state of affairs is not pretended in the present case.   It is not claimed that the relations of Mr. Storrs and the bankrupt were such as to warrant any presumption that he was under the practical control of interests inimicable to the general creditors.

It is contended that counsel for the bankrupt had solicited proxies of creditors authorizing him to vote for trustee, and that such votes for Mr. Storrs should not be considered or counted.   The practice of counsel for the bankrupt of soliciting proxies from creditors and voting them to control the election of a trustee is not viewed with favor by the bankruptcy law, and the referee would have been justified in excluding such votes or proxies as being manifestly in the interest of the bankrupt; but no such order was made, and the objection to certain creditors voting for trustee was overruled.   In such a situation, any votes that were given in favor of the second choice of trustee by interests represented by the attorney for the bankrupt is not thought sufficient reason for taking from such creditors the right given them by section 44a of the bankruptcy act.

The second question certified is answered in the negative, leaving it unnecessary to answer the first and third questions.

So ordered.