### In re MARGOLIES.

#### (District Court, E. D. New York. October 13, 1911.)

1. BANKRUPTCY (§ 126*)—ELECTION OF TRUSTEE—EFFECT OF DISAPPROVAL OF REFEREE.

Where the election of a trustee for a bankrupt is disapproved by the referee, a vacancy is caused which requires a new election, and the referee cannot make an immediate appointment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 126.*]

2. BANKRUPTCY (§ 126*)—ELECTION OF TRUSTEE—POWERS OF REFEREE.

The discretion of a referee in bankruptcy to disapprove the election of a trustee is limited to a plain determination as to his competency.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 126.*]

3. BANKRUPTCY (§ 120*)—TRUSTEES—COMPETENCY.

A person elected trustee for a bankrupt by the creditors, if otherwise competent, is not disqualified by the fact that he was an attorney representing certain creditors, for whom he held proxies, by virtue of which he voted their claims for himself.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 120.*]

In the matter of Samuel Margolies, bankrupt. On certificate of referee as to order appointing trustee. Order reversed.

Fuller & Reuman, for creditors.
Decker, Allen & Storm, for trustee.

CHATFIELD, District Judge. At the first meeting of creditors herein, an attorney, who had shortly before filed for proof a number of claims, was nominated and elected for the office of trustee. No other nominations were made, and all other claims represented at the meeting voted for this nominee. It appears, however, that a clear majority in number and amount was constituted by the claims voted under powers of attorney, by the person elected trustee. In other words, the person chosen cast a majority of the votes for himself. Under these circumstances, the referee disapproved of the election and immediately appointed another gentleman as trustee.

[1] No criticism is made of the ability or integrity of either of these men, but the question is now raised by the creditors solely upon the application of the statute and general orders. These are suffi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ciently discussed in the Case of Louis Lewensohn (D. C.) 98 Fed. 576, in which much the same situation arose, and this court entirely agrees with the conclusion of Judge Brown in the case cited, in so far as he determines that upon the referee's disapproval a vacancy would exist which would call for a second election, and that an immediate appointment by the referee cannot be made.

[2] The reasoning of the court in the case cited is also in accordance with the trend of decision and the purpose of the statute with respect to the exercise of the discretion of the referee in disapproving of an election by creditors. The purpose of the statute was to secure the election of a "competent" person to represent the creditors and to properly administer the estate of the bankrupt. Any determination by the referee that a person was prejudiced in favor of the bankrupt, or that fraud might result, should be respected, if evidence from which that conclusion could properly be drawn were shown by the record. In the same way, bias on the part of the person elected, against a class of those whom he is to represent, with respect to any of the matters that call for the exercise of administrative ability, would be sufficient ground to hold that the person elected was not "competent."

[3] But a determination that the person chosen was disqualified solely because he had represented creditors, or because he had voted for himself, cannot be upheld. Any creditor would have the right to appear in person and to vote for himself, and the discretion vested in the referee must be held to be limited to a plain determination as to the qualifications of the trustee, as judged from the words of the statute, viz.:

"Competent to perform the duties of that office." Bankr. Law, July 1, 1898. c. 541, § 45, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438).

In the case of In re Van De Mark (D. C.) 175 Fed. 287, the same principles are enunciated, and it is necessary to consider but one further point.

In the present case, the trustee elected was also an attorney at law, and therefore was in a position to charge a fee to the creditors whose claims he presented for whatever legal services he might render them. The present statute, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1317), provides in section 72 that the trustee shall receive no compensation under any guise whatever, other than the allowance provided by the statute. It is urged that an attorney is presumed to be paid for his services by his client, and that in the present instance the trustee would therefore receive his trustee's commission, and also, presumptively, compensation from his clients for the work done.

It would seem, however, that the presumption would be the other way. Clients could hardly be expected to pay as individuals for work done by their attorney while representing others, and especially where the trustee would be presumed to obey the law and avoid seeking payment for work done as trustee, except in the method authorized by the statute.

But, further, the purpose of the section limiting trustee's fees was to prevent the using up of the estate or exorbitant charges to be paid out of the estate; and unless it could be shown that the possibility of charging for whatever services were performed for his own clients would prevent the trustee from working for the benefit of other creditors as well as his clients, there would seem to be no reason for stretching the letter of the law to include a case plainly not within its spirit. It may be that outside evidence or experience with individual trustees would show that an attorney representing a class of creditors might not be a suitable person to represent these creditors and others. But that question must be determined as one of fact, and the referee would have to make a finding as to competency in the individual case, rather than to exercise his discretion, upon general principles, as in the present instance.

The certificate of the referee will be returned, with a direction that the trustee elected by the creditors be appointed by the referee, unless the referee determines that he is not a competent person to fairly represent the creditors as a whole in this proceeding, under which circumstances a new election must be called.