## In re HARRIS CONST. CO.

District Court, W. D. Pennsylvania.
November 6, 1929.

No. 15137.

John M. Reed and Lewis M. Alpern, both of Pittsburgh, Pa., for exceptants.

Adolph Zeman, of Washington, Pa., for trustee.

SCHOONMAKER, District Judge. This case came before the court on certificate to review an order of the referee made on October 28, 1929, appointing a trustee on failure of the creditors to make a choice. The order is objected to on account of the alleged failure of the referee to afford creditors a reasonable opportunity to make a choice.

From the certificate of the referee, it appears that the referee inquired at the meeting of creditors whom the creditors wanted for trustee. Some one suggested, "How about Noah Harris?" The referee answered that Harris, who was the receiver in the case, was appointed with the understanding with counsel of the bankrupt that he would not ask his appointment as trustee. There then seemed to be a conference among the persons present. The referee waited some time, and then asked if the creditors had any one they wanted for trustee, but no nomination was made, though the creditors were still conferring together. Finally, after several minutes' delay, the referee announced the appointment of T. J. Underwood. After this was done, Hazzard, an attorney present, or some one else, proposed the name of William A. Marshall; but the referee refused to receive the nomination, stating that Underwood had been appointed and his bond fixed. The meeting then adjourned.

The sole question presented is whether or not a reasonable opportunity was allowed creditors to elect a trustee. We hold that there was not.

The right of creditors to appoint a trustee is a substantial one, and, while prompt action is essential, the proceeding should not be so summary as to exclude the creditors from a reasonable opportunity to make their choice.

In the instant case, the name of Noah Harris, who was suggested for trustee, was practically withdrawn from consideration of the creditors by the action of the referee. This was, in our judgment, wrong. It is the general rule that the selection of a trustee by bankrupt's creditors should not be interfered with by the court, unless it clearly imperils the fair and efficient administration of the estate. There was no showing made as to the disqualification or incompetency of Harris, the man first nominated. Then, while the meeting of creditors was still in session, and after the referee had announced the appointment of Underwood, Marshall was nominated. No opportunity was given the creditors to vote upon him.

We cannot find in the instant case from the certificate of the referee that any election actually took place. Elections of a trustee ought to be conducted in an orderly way by asking creditors present to vote by ballot, viva voce, or by calling the name of each creditor or his duly accredited representative, and requesting them to name their choice. No such election took place in the instant case. We must set aside the appointment of Underwood as trustee, and direct the referee to call another meeting of creditors for the purpose of electing a trustee.