## In re MAYFLOWER HAT CO., Inc.
### No. 405.

Circuit Court of Appeals, Second Circuit.
June 5, 1933.

Allan D. Emil, of New York City, for appellant.

Albert D. Schanzer, of New York City, Counsel and Chairman, Committee Unlawful Practice of the Law, amicus curiæ.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Mayflower Hat Company, Inc., was duly adjudicated a bankrupt. The first meeting of creditors was held on November 1, 1932. At that meeting David Hirsch was present with powers of attorney in fact executed by the owners of twenty-eight claims. These claims represented much more than a majority both in number and amount of all the claims presented. He voted these claims for himself for the office of trustee. No claims were voted for any one else. The referee thereupon disapproved the election of Mr. Hirsch on the authority of In re Dalsimer & Co. (D. C.) 56 F. (2d) 644. The appellant petitioned the District Court for review, and, after its petition was dismissed, was granted leave by this court to appeal.

Mr. Hirsch is the executive secretary of the Ribbon, Silk & Velvet Association. In accordance with the custom of this association, he wrote letters to all of the creditors of the bankrupt offering to file proof of claims. In these letters, printed forms were inclosed to · be executed by the creditors.

Some of the creditors, though what percentage does not appear, were members of the association. Their dues to the association entitled them to this service in regard to claims.

Each printed form contained a power of attorney in blank which was filled in by Hirsch in his own name and authorized him to represent the creditor with full power of substitution, in presenting, proving, and collecting the claim in bankruptcy. It also contained the following: "And the said attorney or his representatives are hereby expressly authorized and permitted to vote this claim for their own election or appointment as trustee in this matter." There is no suggestion that Hirsch is not a suitable person to act as trustee except the fact that he solicited powers of attorney and voted for himself for that office.

As Hirsch is not an attorney at law, he is not forbidden to solicit claims for collection either in bankruptcy or otherwise. The suggestion which has been made that it is practicing law to represent a creditor as attorney in fact in a bankruptcy proceeding by filing a claim and voting for a trustee is too far-fetched to require discussion.

▇ The Bankruptcy Act (see 11 USCA) contemplates that creditors at their meetings may be represented by their agents, attorneys, or proxies. And creditors may vote at such meetings by their duly authorized representatives. In re Ruhlman (C. C. A.) 279 F. 250. A person otherwise qualified may act as trustee notwithstanding the fact that he is a creditor. In re Lewensohn (D. C.) 98 F. 576. See, also, In re Callahan (C. C. A.) 242 F. 479. Unless it is done in the interest of the bankrupt or of some one other than a general creditor to enable him to control the election, it is proper to solicit claims. In re Margolies (D. C.) 191 F. 369; In re Parsons Mfg. Co. (D. C.) 247 F. 126; In re Lloyd (D. C.) 148 F. 92. In speaking of this, Remington says: "Indeed, it is only by solicitation of claims, oftentimes, that the nefarious operations of some improper organization for controlling the choice of trustee in the interests of the bankrupt or of some preferred creditor, can be thwarted." Remington on Bankruptcy (3d Ed.) § 1100. Like so many other things, whether solicitation of claims is to be condemned or not depends upon the purpose to be achieved and not upon the mere act itself.

▇ There is nothing in the Bankruptcy Act to prevent a creditor voting for himself for the office of trustee. On principle, it cannot be perceived why the agent of a creditor should not be permitted to vote as the creditor might. If so, he is not disqualified to vote for himself or disqualified to act as trustee because he has so voted. As the creditors who have unsecured claims that are filed and allowed may elect the trustee; may vote for themselves for the office; may authorize agents to vote; and a majority of creditors in number and amount may control the election, their choice should be recognized and upheld by the referee unless contrary to law or it appears that the trustee so elected has interests which conflict with those of the general creditors of the bankrupt estate. In re Lazoris (D. C.) 120 F. 716; In re Van De Mark (D. C.) 175 F. 287. The object of the law is to permit the general creditors to provide for the administration of the estate by a trustee of their own selection, and courts must have reasons that outweigh this consideration whenever the choice of the creditors is disapproved. When creditors see fit to authorize their agent to vote for himself for the office of trustee, they are but expressly extending his power to represent them in voting. If he does vote for himself, he but exercises the power the creditors have given him. If, as indicated in Re Dalsimer & Co. (D. C.) 56 F.(2d) 644, it be thought that one who solicits proxies or powers of attorney in fact should be disqualified by such action alone from voting for himself for the office of trustee, the law should be changed. We venture no opinion as to sound policy in that regard in alluding to the need for altering the law if the choice of a trustee is to be thus restricted.

Order reversed.