In re BAY PARKWAY HABERDASHERS & HATTERS, Inc.

WILLIAM CARTER CO. v. CULLEN.

No. 278.

Circuit Court of Appeals, Second Circuit.

Feb. 19, 1934.

Cohen & Wedeen, of New York City (Sidney Wedeen, of New York City, of counsel), for appellant.

Jacob Frummer, of Brooklyn, N. Y., for appellee.

Before MANTON, L. HAND and SWAN, Circuit Judges.

PER CURIAM.

The appellant and other creditors, with claims aggregating $1,319.64, voted for Albert L. Olsen as trustee for the bankrupt. Three claims aggregating $855.36 voted for Thomas H. Cullen, Jr. (the receiver), and the referee appointed him trustee, stating that he declined to certify Mr. Olsen elected trustee because of a disapproval based upon the fact that Mr. Olsen's election was controlled by the assignee's attorneys. Cohen & Wedeen, attorneys in fact for the creditors who voted for Mr. Olsen, were also the attorneys for the

assignee for the benefit of creditors. The assignee had no assets in his possession; the proceeds of the sale having been paid directly to the receiver.

Nothing in the record supports the conclusion of the referee that Olsen was controlled by the assignee's attorneys. By placing their claims in the hands of the attorneys for the assignee, the creditors did not thereby disqualify themselves from voting for the trustee. Olsen, who was nominated and voted for by the majority in number and amount of creditors, was not the assignee. The referee stated that he declined "to approve any candidate whose selection the assignee or his attorneys controlled." Section 44 of the Bankruptcy Act (11 USCA § 72) provides for the appointment of one or three trustees by creditors. General Order 13 (11 USCA § 53) provides that "the appointment of a trustee by the creditors shall be subject to be approved or disapproved, and he shall be removable, by the referee or by the judge." But by statute the unqualified right to appoint trustees in bankruptcy vests in the creditors. In re Harris Construction Co. (D. C.) 37 F.(2d) 951; In re Van De Mark (D. C.) 175 F. 287; In re Malino (D. C.) 118 F. 368. Disapproval or removal must be based upon the exercise of wise judicial discretion. There must be reason for disapproval or removal. In re Mayflower Hat Co., 65 F.(2d) 330 (C. C. A. 2). Insufficient reason existed here for refusing the appointment of Olsen as trustee.

Order reversed.