## In re KUTCHER.

### WILLIAM CARTER CO. v. CASTELLANO.
### No. 279.

Circuit Court of Appeals, Second Circuit.
Feb. 19, 1934.

Cohen & Wedeen, of New York City (Sidney Wedeen, of New York City, of counsel), for appellant.

Arthur L. Burchell, of Brooklyn, for Louis J. Castellano, trustee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

After adjudication in bankruptcy, and on May 9, 1933, at the first meeting of the creditors, the appellant and eight other creditors with claims aggregating $588.29 voted for Sidney W. Hart as trustee; there being no receiver. The firm of Cohen & Wedeen was employed as attorney for the petitioning creditors. There were no other creditors present nor did any vote at this first meeting. The referee refused to appoint Hart as trustee and appointed the appellee, giving as the reason therefor that Hart did not have a majority in number and amount of claims filed voting for him, and that the attorneys had their offices in common with an assignee for the benefit of creditors who had been named previously. The record is clear that Hart did have a majority in number and amount of claims present and the attorneys did not have their offices in common with the assignee.

Section 56 of the Bankruptcy Act (11 USCA § 92) provides that creditors shall pass upon matters submitted to them at their meetings by a majority voting in number and amount of claims of all creditors whose claims have been allowed and are present. Section 44 (11 USCA § 72) provides that

at the first meeting of the creditors they shall appoint one or three trustees of the estate. Hart was the only trustee nominated by the creditors and all present voted for him. The referee labored under the misapprehension that Cohen & Wedeen, attorneys for the creditors voting for Hart, were connected with the assignee.

A referee may disapprove of a trustee named, but, to prevent his election by creditors, he must exercise reasonable discretion in such disapproval. In re Mayflower Hat Co., 65 F.(2d) 330 (C. C. A. 2); In re Van De Mark (D. C.) 175 F. 287; In re Malino (D. C.) 118 F. 368. That Cohen & Wedeen did not have their offices in common with the assignee in bankruptcy was made clear in an affidavit submitted to the District Judge. With this fact made clear, the District Judge should have reversed the referee's determination, for there was no disqualification of the attorneys voting for Mr. Hart in behalf of the creditors they represented. No one suggests that Mr. Hart was disqualified from acting as trustee. An assignee may become a trustee. In re Cass & Daley Shoe Co. (D. C.) 11 F.(2d) 872; In re Blue Ridge Packing Co. (D. C.) 125 F. 619. Mr. Hart should have been appointed the trustee.

Order reversed.