### In re KATZ & WILLIAMS, Inc.

#### No. 79366.

District Court, S. D. New York.

Dec. 1, 1941.

684

Jacob Meadow, of New York City, for trustee.

Levy, Finke & Jacobs, of New York City (Marcy Finke, of New York City, of counsel), for reviewing creditors.

LEIBELL, District Judge.

■ At the election of the trustee in bankruptcy there was a deadlock. Neither side had a majority of creditors in number and amount. Four creditors with claims totalling $8,000 voted for one candidate and eight creditors with claims totalling $2,000 voted for the general assignee. The Referee properly appointed a trustee. He named as trustee the assignee under a general assignment for the benefit of creditors.

The attorney for the unsuccessful candidate objected to claims filed by the eight creditors. He stated the grounds of his objection as follows: "There is no separate acknowledgment and no separate designation of the attorney in fact as is required by the new rules. The claims and power of attorney were combined in one instrument which was signed by a notary public who certified 'Sworn to before me, this —— day of ——— 1941 said subscriber being known to me to be the person described in and who signed and swore to the above instrument and duly acknowledged that he executed the same'." The jurat was a combination of an oath and an acknowledgment covering both the proof of claim and the power of attorney.

■ There are separate forms for a power of attorney (Form 18) and for proofs of claims (Forms 28 to 31) in the Forms in Bankruptcy which follow the General Orders in Bankruptcy, 11 U.S.C.A. following section 53. Although it may be the better practice to have them separate, I find no prohibition in the General Orders or Rules against combining the proof of claim and the power of attorney. General Order 38 states: "The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case." The combined oath and acknowledgment signed by the notary on the protested claims appears to meet the requirements of General Order No. 21.

■ With respect to the alleged defect that certain claims of partnerships or corporations do not show that the parties executing the powers of attorney were duly authorized to so act, the record indicates that petitioner did not raise such objection before the Referee. Even as to this objection the allegations of the proof of claim, in substance, comply with General Order No. 21. Further, of the eight protested claims four claims were those of partnerships and were not open to this criticism. These would in themselves suffice to create a deadlock and justify the course followed by the referee in appointing the trustee.

Affirmed. Settle order on notice.