In the Matter of **ELOISE CURTIS, INC.,** Bankrupt,

James Talcott, Inc., a Creditor, Appellant, James G. Foley, Trustee, Appellee.

No. 282, Docket 28588.

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1963.

Decided Jan. 23, 1964.

---

Marks F. Paskes of Hahn, Hessen, Margolis & Ryan, New York City (Harry A. Margolis, New York City, on the brief), for appellant.

Melvin Lloyd Robbins, New York City, for appellee.

W. Randolph Montgomery of Miller, Montgomery & Spalding, New York City, for New York Credit & Financial Management Association as amicus curiae

Before CLARK,* SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

A creditor appeals from an order of the district court confirming an order of the referee in bankruptcy which disapproved the New York Credit Men's Adjustment Bureau, Inc., elected by the creditors as trustee in bankruptcy, and, without holding another creditors' election, appointed James G. Foley trustee. At the time of its selection, the Bureau (a non-profit corporation that performs fiduciary and trusteeship services in cases of business distress) was general assignee for the benefit of the bankrupt's creditors. The Bureau had liquidated but had not settled the bankrupt's estate and had about $16,000 in cash on hand. The ground of the referee's disapproval of the Bureau's election was that "an assignee for the benefit of creditors whose accounts are unsettled should not be approved as the trustee in an ensuing bankruptcy," because of the possibility that its interests as trustee and as assignee

---

\* The late Judge Charles E. Clark heard oral argument on this case but did not participate in its decision.

may conflict when the accounts of the assignee are presented to the bankruptcy court.

The question presented for decision is whether as a matter of law an assignee *for the benefit of creditors whose accounts are still unsettled* is disqualified from serving as trustee.

■■■ Section 44, sub. a of the Bankruptcy Act, 11 U.S.C. § 72, sub. a (1958), confers on the creditors of the bankrupt the right to select the trustee in bankruptcy, subject to the power of the court [1] to approve or disapprove the creditors' choice, Bankruptcy Act § 2, sub. a(17), 11 U.S.C. § 11, sub. a(17) (1958). Approval or disapproval is a matter of discretion, but the creditors' right to elect the trustee is a basic provision of the Act and the choice of the creditors is not lightly to be disregarded. In re Bay Parkway Haberdashers & Hatters Inc., 69 F.2d 103 (2d Cir. 1934) ; [2] In re Mayflower Hat Co., 65 F.2d 330 (2d Cir. 1933).[3]

In the present case, it does not appear that the referee exercised his discretion in the context of the facts of the particular case. Instead, he enunciated a general principle that an assignee for the benefit of creditors whose accounts are unsettled is disqualified, *ipso facto*, from acting as trustee.

The scanty authorities on the point are divided. Compare Garrison v. Pilliod Cabinet Co., 50 F.2d 1035 (10th Cir. 1931), In re Kellar, 192 F. 830, 833 (1st Cir. 1912) (presumptively disqualified), and In re Zuky, 18 F.2d 284 (E.D.N.Y. 1926), with In re Kutcher, 69 F.2d 104 (2d Cir. 1934) (dictum) (per curiam), In re Katz & Williams, Inc., 48 F.Supp. 683 (S.D.N.Y.1941) (by implication), and In re Blue Ridge Packing Co., 125 F. 619 (M.D.Pa.1903). Since none of these decisions is particularly persuasive or authoritative, we re-examine the question in the light of the policy justification advanced by the referee, the possibility of a conflict of interest.

The possibility that the trustee and the assignee may have conflicting interests arises from § 2, sub. a(21) of the Bankruptcy Act, 11 U.S.C. § 11, sub. a(21) (1958), which provides that the bankruptcy court may require assignees for the benefit of creditors to account to the court for the disposition of the bankrupt's property if the assignment was made within four months of bankruptcy. If the bankruptcy court does not approve the assignee's disbursements for services and expenses, the assignee may be surcharged for any amount deemed improper or excessive. Moreover, in the accounting the assignee will present his claim for compensation for services rendered. The referee in the present case took the position that the bankruptcy court should have the assistance of a disinterested trustee in reviewing the assignee's accounts and claim for compensation.

■■■ The rule adopted by the referee is certain and easy to apply and avoids inquiry into the possibility of an actual conflict of interest or the likelihood of impropriety in the keeping of accounts and the administration of the estate. On the other hand a reputable credit association or adjustment bureau, formed for the protection of creditors generally, may be well qualified to act disinterestedly despite its prior role as assignee, and by its election the creditors may secure the advantages of continuity in administration. Moreover, as appellant argues, it is a common practice to select receivers as

---

1. "Court" means the judge or the referee, 11 U.S.C. § 1(9) (1958).

2. "But by statute the unqualified right to appoint trustees in bankruptcy vests in the creditors. [Citations omitted.] Disapproval or removal must be based upon the exercise of wise judicial discretion. There must be reason for disapproval or removal." 69 F.2d at 104.

3. "The object of the law is to permit the general creditors to provide for the administration of the estate by a trustee of their own selection, and courts must have reasons that outweigh this consideration whenever the choice of the creditors is disapproved." 65 F.2d at 331.

trustees, see Schwartz v. Mills, 192 F.2d 727, 729, 29 A.L.R.2d 1161 (2d Cir. 1951), and there would seem to be no more need for the aid of the trustee in passing on the accounts of an assignee than in reviewing the accounts of a receiver, or indeed, the accounts of the trustee himself. Assignees, receivers and trustees are required to account to the court, not to the trustee, see General Order in Bankruptcy 17(4), and there is no more necessity for an adversary proceeding on the accounting in one case than in the others. Mindful that "the courts appear properly reluctant to establish inflexible rules as to the disqualification of trustees for 'prejudicial associations,'" 2 Collier on Bankrupcty ¶ 44.07[1] at 1651–52 (Moore 14th ed. 1962), we conclude that in reviewing the election of an assignee to be trustee the referee should exercise his discretion in the light of the particular facts of the case before him. See Herzog, The Election of a Trustee, 34 J. Nat'l Ass'n Referees in Bankruptcy 73, 79–80 (1960).

We therefore reverse the referee's order and remand the case with instructions to the referee to determine the issue as an issue of discretion, rather than an issue of law.

The appellee's brief raises several factual points with regard to the manner in which the Bureau administered the assignment in this case. There may be a question as to the Bureau's eligibility to act as trustee in the light of its conduct as assignee. These matters will, of course, be relevant to the referee's deliberations on remand, but we do not consider them here as they do not appear to have been relied upon by the referee in the decision under review.

Since we are remanding the case we need not pass upon the appellant's contention that the referee is without power to select his own trustee without holding another creditors' election, when the disqualification of the creditors' choice is due to the referee's disapproval, rather than failure to qualify by filing the bond required by Bankruptcy Act § 50, 11 U.S.C. § 78 (1958). See Bankruptcy Act section 44, sub. a, 11 U.S.C. § 72, sub. a (1958) ("if the trustee so appointed [by the creditors] fails to qualify as herein provided, the court shall make the appointment"); and cf. Bankruptcy Act § 378(2), 11 U.S.C. § 778(2) (1958) ("if the trustee so nominated [by the creditors] fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed as provided in section 72 of this title").

Reversed and remanded.