In the Matter of **ELOISE CURTIS, INC.,** Bankrupt.

United States District Court
S. D. New York.
June 24, 1965.

Hahn, Hessen, Margolis & Ryan, New York City, for petitioners; Marks F. Paskes, New York City, of counsel.

Melvin Lloyd Robbins, New York City, for James G. Foley, trustee-respondent.

Robert M. Morgenthau, U. S. Atty., New York City, for Edward J. Ryan, referee in bankruptcy; Arthur S. Olick, Asst. U. S. Atty., of counsel.

CASHIN, District Judge.

There are presently before this court for decision two petitions to review orders of the Referee in Bankruptcy and two orders directing the Referee to show cause why those same orders of the Referee should not be vacated.

At the first meeting of the creditors of the bankrupt, held on September 4, 1963, the New York Credit Men's Adjustment Bureau, Inc. (Bureau) was elected Trustee of the estate. By an order, dated September 30, 1963, the Referee disqualified the Bureau from acting as Trustee on the grounds that the Bureau was the general assignee for the benefit of creditors and that a conflict of interest might arise between its duties as assignee and trustee. In that same order, without holding another election, the Referee appointed James G. Foley Trustee of the estate. On review, Judge Murphy affirmed the Referee's order. The Court of Appeals reversed. In re Eloise Curtis, Inc., 326 F.2d 698, 99 A.L.R.2d 1286 (2 Cir. 1964). That court held that it was improper for the Referee to disqualify the elected Trustee on the grounds stated, as a matter of law. The case was remanded to the Referee with instructions to determine the issue as a matter of discretion.

By an order, dated February 17, 1964, the Referee again disqualified the Bureau and again named Foley Trustee. This time the Referee indicated that his decision was arrived at, not as a matter of law but as a matter of discretion. On review, Judge Bryan reversed. He noted that the Referee had not held any hearings subsequent to the Court of Appeals reversal, and held that, in fairness to all sides, full hearings should be held at which the qualifications of the Bureau could be examined and the creditors given the opportunity to present any further proof which might be available.

By January 21, 1965 the Referee had held hearings on nine different occasions. Several more hearings have been held since that date and all parties, including the Referee, concede that the hearings have not yet been completed.

On January 21, 1965, the Referee signed an order directing the Bureau, as assignee for the benefit of creditors, to deliver to Foley, as Trustee, all of the property of the bankrupt in its possession and control, and to file a supplemental accounting. The Bureau petitioned for review of this order. Several creditors of the bankrupt secured an order directing the Referee to show cause why his order should not be vacated. Pursuant to Local Bankruptcy Rule 21, regulating the procedure to be followed on a petition to review, the Referee ordered the Bureau to file a transcript of the evidence and all the exhibits upon which his January 21, 1965 order was based. The Bureau petitioned to review this order and secured a show cause order.

This court must determine whether Foley was the Trustee of the bankrupt on January 21, 1965 and entitled to possession of its property. Bankruptcy Act § 70, 11 U.S.C. § 110. In reversing the Referee's earlier orders, both Judge Hays for the Circuit Court and Judge Bryan for the District Court refused to decide whether the Referee had the power " * * * to select his own trustee without holding another creditors' election, when the disqualification of the creditors' choice is due to the referee's disapproval,

* * *." In re Eloise Curtis, Inc., supra, at p. 701. 3 Collier on Bankruptcy, § 4411 (14 ed. 1964); Herzog, The Election of a Trustee, 34 J. Nat'l. Ass'n Referees in Bankruptcy 73, 80 (1960). Both courts remanded the case to the Referee with instructions that could have led to the approval or disapproval of the Bureau. Judge Hays held that disapproval was within the power of the Referee on the grounds stated, but only in the exercise of his discretion. Judge Bryan, in effect, concluded that the Referee had failed to exercise his discretion in disqualifying the Trustee and directed that in this case an exercise of discretion would only be proper after a full hearing. It is implicit in both opinions that since reexamination by the Referee might result in approval of the Bureau, it was unnecessary to comment upon the Referee's power to appoint another trustee. Neither opinion can be taken as approval of a temporary or permanent appointment of Foley.

■■ Assuming, arguendo, that the Referee can appoint a trustee after disqualification of the creditors' nominee, this does not mean that he can make such an appointment prior to a proper disqualification. The procedure for selection of a trustee is spelled out in Section 44 of the Bankruptcy Act, 11 U.S.C. § 72. It does not give the Referee the option to appoint a new trustee at will. Nor is there anything in the Act to imply that the Referee may appoint an interim trustee while disqualification proceedings are pending or that a nominee of the Referee may act as trustee while a disqualification order is awaiting review. To so hold, would in some cases completely vitiate the power of the creditors to elect their own trustee. Judge Hays noted in his opinion that—

" * * * Approval or disapproval is a matter of discretion, but the creditors' right to elect the trustee is a basic provision of the Act and the choice of the creditors is not lightly to be disregarded * * *."

In re Eloise Curtis, Inc., supra 326 F.2d at p. 700.

Without commenting upon the Referee's power to appoint a new trustee after a proper disqualification, I hold that until the trustee is properly disqualified the Referee has no power to appoint a new trustee. I, therefore, conclude that the 1963 and 1964 appointments of Foley, as Trustee, were voided by the court orders upsetting the disqualification of the Bureau. The order of January 21, 1965 did not have the effect of making Foley trustee, since Judge Bryan had ruled that the Bureau could not properly be disqualified until full hearings had been held. Those hearings have not yet been completed. Since Foley was not the trustee, the Referee had no power to order that the bankrupt's property be turned over to him.

I have not held in this opinion that the criticisms of the Bureau contained in the Referee's order of January 29, 1965 are insufficient as grounds to disqualify the Bureau as Trustee. I have only held that disqualification of the Bureau and the selection of a new trustee is not proper prior to the completion of the hearings ordered by Judge Bryan.

A few additional comments are necessary. I was able to rule on the petition to review the order of January 21, 1965 (the central issue before me) on the basis of facts which were agreed to by all parties and are part of the record. The fact that I have ruled does not mean that I approve of the Bureau's failure to comply with Rule 21 of the Local Bankruptcy Rules. My opinion should not be taken as holding that for certain kinds of orders of the Referee compliance is not necessary. See In re Love B. Woods & Co., 222 F.Supp. 161 (S.D.N.Y.1963).

I would also like to express my displeasure at the use of orders to show cause to enjoin the enforcement of the Referee's orders when the normal appeal procedure, through petition to review, is available.

The order of January 21, 1965 is reversed and the case is remanded to the

Referee for further proceedings not inconsistent with this opinion.

The petition to review the order of February 24, 1965 is now moot.

It is so ordered.