In re Soundview Elite Ltd. (Fletcher v. Ball)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:
>   **ROSEMARY S. POOLER,**
>   **BARRINGTON D. PARKER,**
>   **DEBRA ANN LIVINGSTON,**
>   *Circuit Judges.*

---

**In re Soundview Elite Ltd., et al.,**

>   *Debtors*.

---

**Alphonse Fletcher, Jr.,**

>   *Appellant*,

>   v.                                                              15-1559

**Corinne Ball, Chapter 11 Trustee,**

>   *Trustee-Appellee*.

---

FOR APPELLANT:             Alphonse Fletcher, Jr., pro se, San Francisco, CA.

FOR APPELLEE:              William J. Hine, Esq., Jones Day, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alphonse Fletcher, Jr., pro se, appeals from the district court's judgment affirming an order of the bankruptcy court for the Southern District of New York, which denied Fletcher's motion to remove the Chapter 11 trustee, Corinne Ball, and the district court's order denying Fletcher's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). Thus, we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). A bankruptcy court's denial of a motion to remove the trustee under 11 U.S.C. § 324(a) is reviewed for abuse of discretion. *See In re Eloise Curtis, Inc.*, 326 F.2d 698, 701 (2d Cir. 1964). A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002).

Fletcher's arguments on appeal, like his motion for reconsideration, do not undermine the bankruptcy court's conclusion that his motion to remove the trustee was without merit. Under Section 324(a), the bankruptcy court may, "after notice and a hearing, . . . remove a trustee, other

than the United States trustee, or an examiner, for cause." 11 U.S.C. § 324(a). "Grounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships," and the Court has "traditionally stressed the elements of fraud and actual injury to the debtor interests." *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965) (internal quotation marks omitted).

Fletcher does not show fraud or actual injury to the Debtor's interests. He does not allege that the trustee knew of any specific conflict that she failed to disclose despite her knowledge of it and her duty to do so. The trustee gave notice, before the bankruptcy court approved her appointment, that her law firm may have represented and may continue to represent "parties actually or potentially adverse to the Debtors," but stated that it would not do so in any matters relating to the Debtors or their Chapter 11 cases. Fletcher's conclusory accusations of fraud and his assertion that Jones Day had previously reported, in unrelated proceedings, working for parties that were not mentioned in its disclosure in the Soundview proceeding does not show that the trustee knowingly failed to report a current, relevant conflict. *See In re Freeport Italian Bakery, Inc.*, 340 F.2d at 54; *cf. also* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake."). Moreover, Fletcher does not show or allege any actual injury to the Debtor's interests. The bankruptcy court therefore did not abuse its discretion in denying the motion to remove the trustee.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3