In re: Fletcher International, Limited

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

In the Matter of: Fletcher International, Limited

_____

Fletcher International, Limited

> *Debtor.*

_____

Alphonse Fletcher, Jr.,
> *Appellant,*

> v.                                                                          15-2991-bk

Richard J. Davis,
> *Appellee.*

_____

1

FOR APPELLANT:                          Alphonse Fletcher, Jr., pro se, San Francisco, CA.

FOR APPELLEE:                           Michael Luskin, Lucia T. Chapman, Stephan E. Hornung, Luskin, Stern & Eisler LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alphonse Fletcher, Jr., proceeding pro se, appeals from the district court's judgment affirming an order of the bankruptcy court for the Southern District of New York, which denied Mr. Fletcher's motions to (1) vacate the appointment of the Chapter 11 trustee, Richard J. Davis (the "Trustee"), and the professionals he retained pursuant to 11 U.S.C. § 327(a), and (2) disgorge their fees and expenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). Thus, we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *See In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). A bankruptcy court's denial of a motion to remove the trustee, however, and its decision regarding an award of compensation are reviewed for abuse of discretion. *See In re Eloise Curtis, Inc.*, 326 F.2d 698, 701 (2d Cir. 1964) (describing the election of a trustee "as an issue of discretion"); *In re Arlan's Dep't Stores, Inc.*, 615 F.2d 925, 943 (2d Cir. 1979) ("It is basic that we will not interfere

2

with the district court's assessment of the compensation to be awarded attorneys in bankruptcy proceedings absent a clear abuse of discretion."). A bankruptcy court abuses its discretion when its ruling "(1) rests on an error of law … or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (internal quotation marks and brackets omitted). "Bankruptcy judges' findings on conflict of interest questions are entitled to deference because a bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails." *In re AroChem Corp.*, 176 F.3d 610, 628 (2d Cir. 1999) (internal quotation marks omitted).

We conclude first that the bankruptcy court did not abuse its discretion in denying Mr. Fletcher's motion on the ground that Mr. Fletcher had repeatedly failed to file proper papers and comply with court orders in connection with his application. Mr. Fletcher did not timely object to the appointment of the Trustee or the professional firms he retained as his counsel and special consultant (Luskin, Stern & Eisler LLP and Goldin Associates, LLC, respectively (collectively, the "Retained Professionals")). Indeed, Mr. Fletcher raised his conflict-of-interest allegations well over a year after the court approved those appointments and only after the Trustee filed a report finding that Mr. Fletcher had defrauded his investors and proposed a liquidation plan that deeply subordinated Mr. Fletcher's claims. Still, the bankruptcy court afforded Mr. Fletcher multiple opportunities to present his allegations in appropriate papers, culminating in the bankruptcy court's instruction at an April 2, 2014 conference to file a brief within 30 days specifying the relevant statutory provisions, the manner in which they had been allegedly violated, and the relief

3

Mr. Fletcher sought. At the time the bankruptcy court entered its June 24, 2014 order denying Mr. Fletcher's motions, Mr. Fletcher had still not filed such a brief. The bankruptcy court was well within its discretion to deny Mr. Fletcher's motions for these reasons alone. *See In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 739 (B.A.P. 10th Cir. 2009) ("A bankruptcy court's power to manage a case … arises from the court's inherent authority to issue pretrial case management orders and to enforce them by appropriate measures." (internal quotation marks omitted)).

Nor did the bankruptcy court abuse its discretion in determining that Mr. Fletcher's various filings did not give rise to any viable theory of conflict. Under 11 U.S.C. § 324(a), the bankruptcy court may, "remove a trustee … for cause." 11 U.S.C. § 324(a). "Grounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships," and, in assessing whether cause for removal exists, "[w]e have traditionally stressed the elements of fraud and actual injury to the debtor interests." *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965) (internal quotation marks omitted).

The Trustee's alleged conflicts of interest were primarily based on professional relationships between the firm at which he was formerly a partner, Weil Gotshal & Manges LLP, and entities in some way affiliated with the defendants in an unrelated litigation brought by Mr. Fletcher involving his cooperative apartment building (the "Dakota Litigation"). However, the Trustee had retired from Weil Gotshal some nine months before he was appointed trustee, and Mr. Fletcher failed — and continues to fail — to explain how any such connection to the Dakota Litigation (to which the debtor is not a party) could render the Trustee or the Retained Professionals adverse to the estate. Mr. Fletcher's conclusory accusations of fraud and attenuated

allegations of conflict are fundamentally insufficient to remove a Chapter 11 trustee. Nor does Mr. Fletcher plausibly allege actual injury to the debtor's interests. The bankruptcy court thus did not abuse its discretion in denying the motion to remove the Trustee.

With respect to Mr. Fletcher's efforts to vacate the appointments of the Retained Professionals based on their connections with various third parties, Mr. Fletcher's conclusory allegations failed to raise any presently held conflict with the debtor's estate. *See In re AroChem Corp.*, 176 F.3d at 623 ("[C]ounsel will be disqualified under section 327(a) only if it presently 'hold[s] or represent[s] an interest adverse to the estate,' notwithstanding any interests it may have held or represented in the past." (quoting 11 U.S.C. § 327(a))). Mr. Fletcher did not plausibly show how any of the third parties he points to are adverse to the estate, let alone how the Retained Professionals' relationships with those third parties render the Retained Professionals adverse to the estate. For that reason, even if Mr. Fletcher were correct that the Trustee and the Retained Professionals should have disclosed certain connections pursuant to Federal Rule of Bankruptcy Procedure 2014, the bankruptcy court did not abuse its discretion in denying Mr. Fletcher's motions. *See* Fed. R. Bankr. P. 2014(a) (requiring the disclosure "to the best of the applicant's knowledge" of "all of the [professional] person's connections with the debtor, creditors, any other party in interest, [and] their respective attorneys and accountants"). In any event, the Retained Professionals disclosed in their retention applications the majority of the relationships at issue, and Mr. Fletcher failed to timely object.

5

For the same reasons, the bankruptcy court did not abuse its discretion in denying Mr. Fletcher's request that it disgorge the Trustee's and the Retained Professionals' compensation or in declining to hold an evidentiary hearing.

We have considered Mr. Fletcher's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk