16-2855-bk
In re Ampal-Am. Israel Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
                      RICHARD C. WESLEY,
                      CHRISTOPHER F. DRONEY,
                                 *Circuit Judges.*
-----------------------------------------------------------------------
IN RE: AMPAL-AMERICAN ISRAEL CORPORATION,
                                 *Debtor.*
-----------------------------------------------------------------------
YOSEF A. MAIMAN, MERHAV (M.N.F.) LIMITED,
                                 *Appellants,*

                    v.                                                        No. 16-2855-bk

ALEX SPIZZ, Chapter 7 Trustee,
                                 *Appellee.*
-----------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | Daniel A. Fliman (Michele L. Angell, *on the brief*), Kasowitz, Benson, Torres & Friedman LLP, New York, NY. |
| FOR APPELLEE: | Arthur Goldstein (Alex Spizz, Jill Makower, *on the brief*), Tarter, Krinsky & Drogin LLP, New York, NY. |

1

Appeal from a July 19, 2016 judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This appeal arises from the litigious bankruptcy of Debtor Ampal-American Israel Corporation ("Ampal") encompassing a series of disputes between Ampal's creditors and its controlling shareholders. More specifically, this particular appeal involves a dispute between Appellee Alex Spizz, Ampal's Chapter 7 Trustee, and the aforementioned controlling shareholders, led by Appellants Yosef A. Maiman (Ampal's former chief executive officer, chairman, and president) and an entity under his control, Merhav (M.N.F.) Limited (collectively, "Maiman").

In 2012, Ampal filed a Chapter 11 petition in the Southern District of New York, and after the bankruptcy court converted the proceeding to Chapter 7, Ampal's creditors elected Spizz as Trustee in 2013. Consequently, the Trustee retained his law firm ("Spizz Cohen") as general bankruptcy counsel. Over the next two years, various disputes arose between Maiman and Ampal's creditors. One such creditor, Mishmeret-Trusts Company Ltd. ("Mishmeret"),[1] and Mishmeret's long-time counsel Ofer Shapira, retained the law firm Tarter, Krinsky & Drogin LLP ("TKD") to represent them in at least some of those disputes against Maiman.

In April 2015, Spizz Cohen dissolved, and Spizz joined TKD as a partner. The Trustee (Spizz) subsequently filed an application under 11 U.S.C. § 327(a) to retain TKD as substitute general bankruptcy counsel, disclosing that TKD had previously represented Mishmeret and Shapira but asserting that the firm no longer represented either party. Citing TKD's representation of Mishmeret and Shapira, Maiman objected to the Trustee's application and cross-moved to remove the Trustee for "cause" pursuant to 11 U.S.C. § 324(a). Upon further briefing and an evidentiary hearing, the bankruptcy court issued its findings of fact and conclusions of law (1) granting the Trustee's application to retain TKD, and (2) denying Maiman's cross-motion to remove the Trustee for "cause." *See In re Ampal-Am. Israel Corp.*, 534 B.R. 569 (Bankr. S.D.N.Y. 2015). After Maiman appealed, the district court affirmed the bankruptcy court's order and entered judgment. *See In re Ampal-Am. Israel Corp.*, 554 B.R. 604 (S.D.N.Y. 2016).

Maiman appeals from the district court's final judgment, arguing that the bankruptcy court erroneously granted the Trustee's application to retain TKD because the

---

[1] Specifically, Mishmeret is an indenture trustee for Ampal's Series C debentures. For the sake of simplicity, we refer to Mishmeret and Ampal's other indenture trustees as creditors.

2

firm (1) "represent[s] . . . interest[s] adverse to the estate" under 11 U.S.C. § 327(a), and (2) has an "actual conflict of interest" under 11 U.S.C. § 327(c). Furthermore, Maiman contends that the bankruptcy court abused its discretion in denying the motion to remove Spizz as Trustee for "cause" pursuant to 11 U.S.C. § 324(a).

Generally, a "district court's order in a bankruptcy case is subject to plenary review," *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006), meaning that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999). In so doing, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

### 1. The Trustee's Application to Retain TKD

We agree with the district court's conclusion that the bankruptcy court committed no clear factual error nor any legal error in granting the Trustee's application to retain TKD under sections 327(a) and 327(c) of the Bankruptcy Code.

### a. *Adverse Interest under Section 327(a)*

Maiman's factual argument that TKD *presently* represents interests adverse to the Ampal estate (namely, Mishmeret and Shapira) is belied by the record.[2] The co-chair of TKD's bankruptcy group testified that the firm's representation of Mishmeret and Shapira ceased no later than July 2014 (approximately nine months before the Trustee applied to retain TKD), and its engagement letters and billing records corroborate his testimony. Maiman, although not disputing that evidence, contends that TKD still represents Mishmeret and Shapira, even absent an active attorney-client relationship, based on other factors, such as the firm's ongoing "duties and loyalties" to past clients and possession of privileged materials. We conclude that his arguments are unpersuasive for the reasons set forth in the district court's decision. *See Ampal*, 554 B.R. at 621–22. Accordingly, the bankruptcy court's amply supported finding that TKD no longer represents interests adverse to the estate is not clearly erroneous.

Furthermore, Maiman's legal challenge to the bankruptcy court's application of our decision in *AroChem* is "unavailing," as the district court concluded, even subject to *de novo* review. *See id.* at 620. As we held in *AroChem*, "counsel will be disqualified under

---

[2] Maiman does not argue on appeal that TKD itself "hold[s]" interests adverse to the estate or that the firm is not a "disinterested person[]." *See* 11 U.S.C. § 327(a); *see also* 11 U.S.C. § 101(14) (defining "disinterested person").

section 327(a) *only if it presently* holds or represents an interest to the estate, *notwithstanding any interests it may have held or represented in the past.*" *AroChem*, 176 F.3d at 623 (emphasis added) (alterations and internal quotation marks omitted). Maiman argues that *AroChem* is "inapposite" and "distinguishable," but he is incorrect. Section 327(a)'s clear present-tense language (*e.g.*, "hold," "represent," and "are disinterested persons") and its juxtaposition with "related portions of the Bankruptcy Code, which draw explicit distinctions between current and past relationships," apply to the situation here. *See id.*

Finally, Maiman conflates two distinct parts of section § 327(a) by arguing that because "'whether an adverse interests exists is best determined on a case-by-case basis' . . . . *AroChem* does not support a blanket rule that an adverse interest will not be found whenever another representation in the bankruptcy is ostensibly over." Appellants' Br. 28 (quoting *AroChem*, 176 F.3d at 623) (alteration omitted). Whether an adverse interest "exists," however, is a separate issue from whether TKD *represents* that adverse interest. *See AroChem*, 176 F.3d at 624 ("Because [the attorney] no longer 'represents' [the creditor], [the attorney] does not represent any of [the creditor's] interests, *whether or not any of those interests might be adverse to the estate*." (emphasis added)). Therefore, we conclude, upon *de novo* review, that the bankruptcy court properly construed and applied our decision in *AroChem*.

b. *Actual Conflict of Interest under Section 327(c)*

Generally, we defer to a bankruptcy court's "findings on conflict of interest questions . . . because a bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails." *Id.* at 628 (internal quotation marks omitted). Although Maiman contends that TKD has a conflict of interest due to its prior representation of Mishmeret and Shapira, he concedes that section 327(c) requires disqualification of professionals possessing only "actual" conflicts, as opposed to potential conflicts. *See* 11 U.S.C. § 327(c). He also concedes that an actual conflict "involves the *representation* of two presently competing and adverse interests." Appellants' Br. 36 (emphasis added) (internal quotation marks omitted). Those concessions are fatal to Maiman's challenge, as we have already concluded that the bankruptcy court did not commit clear error in finding that TKD no longer represents adverse interests.

We also credit the bankruptcy court's well-supported findings that "there is no failure to disclose [its prior representations] on [TKD's] part, [it] has no ongoing relationship with Shapira or Mishmeret, and it is unlikely that the subject matter of its prior representations will become the subject matter of a dispute between the estate and the former clients." *Ampal*, 534 B.R. at 585. Finally, Maiman's other arguments as to TKD's

4

alleged conflicts—including its purported inability to act adversely to Mishmeret and Shapira, the bankruptcy court's discovery order, and the litigation financing agreement— are unpersuasive, principally for the reasons explained by the district court. *See Ampal*, 554 B.R. at 622–23. Accordingly, we decline to disturb the bankruptcy court's finding that TKD does not have an actual conflict of interest requiring disqualification under section 327(c).

## 2. Maiman's Cross-Motion to Remove the Trustee

Although we generally review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*, *see AroChem*, 176 F.3d at 620, we review a bankruptcy court's denial of a motion to remove the Trustee for abuse of discretion. *See In re Eloise Curtis, Inc.*, 326 F.2d 698, 701 (2d Cir. 1964); *accord In re Fletcher Int'l, Ltd.*, 661 F. App'x 124, 125–26 (2d Cir. 2016) (summary order). A bankruptcy court abuses its discretion when its ruling "(1) rests on an error of law . . . or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (alterations and internal quotation marks omitted).

The bankruptcy court did not abuse its discretion in denying Maiman's motion to remove the Trustee for "cause" pursuant to 11 U.S.C. § 324(a). "Grounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships," and, in assessing whether "cause" for removal exists under § 324(a), "[w]e have traditionally stressed the elements of fraud and actual injury to the debtor interests." *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965) (internal quotation marks omitted); *accord In re Soundview Elite Ltd.*, 646 F. App'x 1, 1–2 (2d Cir. 2016) (summary order).

As both the bankruptcy court and district court noted, Maiman does not allege that the Trustee engaged in fraud or caused any actual injury to the estate. *See Ampal*, 534 B.R. at 586; *see also Ampal*, 554 B.R. at 624. Furthermore, Maiman's argument that the Trustee's joining TKD necessitates his removal is unpersuasive in light of our agreement with the bankruptcy court's findings concerning disqualification of TKD under sections 327(a) and 327(c). In sum, the bankruptcy court did not abuse its discretion in denying Maiman's motion to remove the Trustee.

## 3. Conclusion

We have considered the Appellants' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5